## W. Morrison v. The State.

### No. 2411. Decided February 12, 1902.

**Substitution of Lost Complaint and Information—Motion in Arrest of Judgment.**

Under article 470, Code of Criminal Procedure, in order to substitute a lost paper at all, the substituted paper must be substantially the same as that which has been lost. Where a motion in arrest of judgment is made alleging that the original lost complaint was made by one D., and this substituted complaint purported to have been made by one C., the issue should have been tried and sustained if supported by the facts, because a complaint made by D. is not substantially substituted by one made by C., and the information likewise should not be thus substituted.

Appeal from the County Court of Hunt. Tried below before Hon. R. D. Thompson, County Judge.

Appeal from a conviction of selling liquor to a minor; penalty, a fine of $50.

No statement required.

*Sam D. Stinson* and *R. L. Porter,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of selling liquor to a minor, and fined $50.

By motion in arrest of judgment, appellant sought to attack the substitution of the complaint and information, both of which had been lost. The attack upon the complaint was based upon the fact that the substituted complaint purported to be made by Hart Craddock, whereas the lost complaint was made by C. A. Duff. The information was attacked because it was based upon a complaint signed by Hart Craddock, whereas there was no such complaint ever made. The statement that these matters were unknown is verified by the affidavit of R. L. Porter, an attorney in the case, supported by that of C. A. Duff. The court refused to investigate the matter, and overruled the motion. The matter should have been investigated. If, as a fact, the original complaint was made by C. A. Duff, then no other complaint could be substituted under our law except that complaint. Art. 470, Code Crim. Proc. In order to substitute at all, the substituted paper must be substantially the same as that which has been lost, mislaid, mutilated, or obliterated. This phase of the statute is not met by the substitution of a complaint made by Hart Craddock for one made by C. A. Duff. In fact, Hart Craddock, under the purported showing, never made a complaint in the case. Before a substitution can occur, there must be something to substitute. If C. A. Duff made the complaint, then it can not be substituted by a complaint made by Hart Craddock. The only substituted complaint that could have been used in this case was the complaint made by said Duff. There was nothing to substitute so far as Hart Craddock was concerned, and the

complaint injected in this case as a complaint made by Hart Craddock was not a substituted complaint, because he had not previously made a complaint that had been lost, and which could be substituted. The information, of course, must follow the complaint. If there had been no information upon the complaint made by Hart Craddock, then there could be no substituted information along that line. The court should have tried the issue, and if, as a matter of fact, the original complaint was signed by C. A. Duff, the motion in arrest of judgment should have been sustained.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*