## Juan Martinez v. The State.

### No. 2997.     Decided May 10, 1905.

**Theft of Hog—Substitution of Indictment—Practice.**

Where the original indictment had on a former appeal been left in the custody of the Court of Criminal Appeals, it was error to substitute an indictment upon reversal and second trial of the case, although the defendant's counsel first agreed thereto, and did not urge the point until after verdict in his motion for new trial. The Constitution requires that all felony cases shall be tried on indictment, and only where the original has been lost, mislaid, mutilated or obliterated, has it been held that the same can be substituted. Following Shehane v. State, 13 Texas Crim. App., 533.

Appeal from the District Court of Sutton. Tried below before Hon. J. W. Timmins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Tayloe & Cornell,* for appellant.—Article 1, section 10, Constitution of Texas, article 470, Code Criminal Procedure; Sheehan v. State, 13 Texas Crim. App., 533; Ogle v. State, 63 S. W. Rep., 1009.

*Howard Martin,* Assistant Attorney-General, and *W. A. Anderson,* for the State.—Carter v. State, 58 S. W. Rep., 80.

HENDERSON, Judge.—Appellant was convicted of hog-theft, and his punishment fixed at two years confinement in the penitentiary, hence this appeal.

The only question requiring consideration is the substitution of the indictment, and the trial of appellant thereon. It appears from the statement of facts in this regard, that there was a former conviction, and appeal prosecuted from that conviction, and that the original indictment, under the order of the court, was forwarded with the transcript to the Dallas Branch of this court; that the cause was reversed and new trial awarded appellant; that when the case was subsequently called for trial in the District Court of Sutton County, it was discovered that the indictment had not been returned from the Court of Criminal Appeals. Thereupon it appears by the agreement of the counsel, both for the State and appellant, an indictment was substituted, and the trial proceeded on said substituted indictment. During the progress of the trial it appears, State's counsel were informed that appellant would insist the State had no right to substitute the indictment under the circumstances. After the verdict was returned motion was made to set the same aside, and it was then urged it was not competent to try appellant on the substituted indictment. In Morrison v. State, 66 S. W. Rep., 779, it was held that it was not too late to raise the question

as to the validity of substituted indictment, even after verdict; that the question was a constitutional one. The constitution requires all felony cases to be tried on indictment, and the statute only authorizes the substitution of an indictment in certain contingencies to wit: where the original indictment has been lost or mislaid, mutilated or obliterated. If it be conceded that this statute is entirely constitutional, and it appears that this court has recognized such legislation, we have never gone beyond the terms laid down in the statute; that is, before an indictment can be substituted, it must appear that the original was either lost, mislaid, mutilated or obliterated. Such was not the case here. No one claimed that the original indictment had either been lost or mislaid, it being understood and agreed that said original was then under the proper orders of the court in the custody of the clerk of the Court of Criminal Appeals, at Dallas, from whom, on proper application, it could have been had in the District Court of Sutton County at the time of the trial. We do not deem it necessary to discuss this question, as the very point was expressly decided in Sheehan v. State, 13 Texas Crim. App., 533.

Because there was no authority to substitute the indictment and try appellant thereon, the judgment is reversed and the cause remanded.

*Reversed and remanded.*