## T. E. Baird v. The State.

No. 3943.    Decided March 20, 1907.

Motion for rehearing overruled May 8, 1907.

**1.—Forgery—Continuance—Improbable Testimony.**

Where upon trial for forgery, the testimony set out in the application for continuance was rendered entirely improbable by the testimony in the trial of the case, and was controverted by the testimony of the defendant, the application was correctly overruled.

**2.—Same—Allegation—Proof—Variance—Date.**

Where upon trial for forgery it was not practical to quote the note alleged to have been forged in hæc verba, and it was so alleged in the indictment, and the substance thereof set out with reasonable certainty, there was no error in admitting in evidence the note answering such general description although it bore a different date than the one described in the indictment.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where upon trial for forgery, the charge of the court contained a correct presentation of the law on circumstantial evidence, approved by precedent, there was no error in not charging the jury that each link in the chain of evidence must connect the defendant with the crime and must exclude any other reasonable hypothesis other than the guilt of the accused.

**4.—Charge of Court—Weight of Evidence.**

Upon trial for forgery, there was no error in instructing the jury that if they believed from the evidence that A. or any other person added the name of W. to the note alleged to have been forged, to acquit the defendant.

**5.—Same—Stenographic Report—Statement of Facts.**

The Legislature should pass an amendment to the present stenographic law and require a narrative form of statement of facts to be prepared by counsel.

Appeal from the District Court of Randall. Tried below before the Hon. L. S. Kinder.

Appeal from a conviction of forgery; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Cooper & Penry*, for appellant.—On question of variance: Lassiter v. State, 35 Texas Crim. Rep., 540; Commonwealth v. Harrison, 30 S. W. Rep., 1009; Thomas v. State, 18 Texas Crim. App., 213; Lewis v. State, 14 Texas Crim. App., 232; 19 Cyc., p. 1403. On question of charge on the weight of the evidence: Wimberly v. State, 22 Texas Crim. App., 510; White v. State, 18 Texas Crim. App., 63.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

Appellant's first complaint in motion for a new trial is to the overruling of the application for continuance. The application does not show any merit. The substance of same was contravened if not entirely controverted by testimony of appellant upon the trial of this case, and it is rendered entirely improbable by the testimony in the trial of this case. It follows, therefore, the court did not err in overruling same.

Bill of exceptions No. 2 complains that the court erred in admitting a note dated October 24, 1904, to be introduced in evidence in this cause, because the indictment under which appellant was prosecuted alleged that he had forged a note and passed the same as altered, said note alleged to have been dated February 1, 1905, that same constitutes a fatal variance. The count under which appellant was convicted in the indictment under consideration alleges the substance of the note, and also alleges that said note was then in the possession of appellant and that, therefore, the grand jury were unable to give a better description thereof, and upon its face the indictment demands of defendant and serves notice upon him to produce said note or secondary evidence would be offered of its contents. In the case of Smith v. State, 18 Texas Crim. App., 399, we held that where it is not practical to quote the note in haec verba, it must specifically allege the reason for not thus setting it out, and then alleged the substance of it, and then so describe it as to identify it with reasonable certainty. See also White v. State, 3 Texas Crim. App., 605; Baker v. State, 14 Texas Crim. App., 332, and Thomas v. State, 18 Texas Crim. App., 213. The evidence in this case shows that appellant, through his counsel, upon trial of the case, did produce the note, and the testimony was all introduced with reference to the note admitted to be described by the grand jury in the indictment. We do not think there was any error in the action of the court in permitting the note introduced.

Appellant excepts to the charge of the court on circumstantial evidence in that it fails to instruct the jury that each link in the chain of evidence must connect the defendant with the crime and must exclude any other reasonable hypothesis than the guilt of the accused. The charge of the court is a correct presentation of the law on circumstantial evidence heretofore approved by this court in repeated decisions.

Appellant excepts to the following charge of the court: "Before you can convict the defendant under either the fourth or fifth counts in said indictment upon which you have been charged, you must believe from the evidence beyond a reasonable doubt that the defendant added the name of J. F. White to said note without lawful authority, and with the intent to injure and defraud as hereinbefore ex-

plained to you, and that no other person added or placed the name of J. F. White thereto, and if you believe from the evidence that George Alexander or any other person added the name of J. F. White thereto, you will acquit the defendant." Appellant insists that said charge is erroneous in that it assumes that J. F. White's name was added thereto by some person, and further that it couples defendant's defense with other allegations. We do not think there is any error in the charge. The fact is undisputed that some one placed J. F. White's name to the note. The dispute arose as to whether appellant did it or not, and upon that issue alone he was being tried. Now, when the court tells the jury if they believe that George Alexander or any other person added the name of J. F. White thereto to acquit, certainly it was a charge favorable to appellant.

We note the fact, however, that two stenographic reports are sent up with this record. We presume that same was done by inadvertence; if not, we would suggest that the law does not require but one, and this court is very doubtful of the policy of requiring either. The Legislature should pass an amendment to the present stenographic law and require a narrative form of statement of facts to be prepared by counsel. This would save an enormous amount of unnecessary work to this court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*