## HORACE BENNETT V. THE STATE.

### No. 3746. Decided October 27, 1915.

**1.—Burglary—Change of Venue—Substituting Papers.**

Where, upon trial of burglary of a private residence, the venue was cnanged, and the papers in the case were lost in transit, there was no error in permitting the State to substitute the said papers, including copy of orders of the court, and of the indictment.

**2.—Same—Jurisdiction—Lost Papers—Substitution.**

Where the venue was changed, and the papers were lost in transit, and the State was permitted to substitute the lost papers in the District Court, to which the venue had been changed, there was no error, and the contention that the jurisdiction attached to the county from which the venue was changed, is untenable. Following Berg v. State, 64 Texas Crim. Rep., 612.

**3.—Same—Substitution of Lost Papers—Notice—Waiver.**

It is not necessary under the statute and the decisions that notice shall be served upon the accused before such lost papers can be substituted. Besides, defendant was present when the motions were acted upon by the court, and objected, whereby he waived notice.

**4.—Same—Substituted Indictment.**

Defendant's claim that he could not be tried under the substituted copy of the indictment, because this was not the indictment of the grand jury, is wholly untenable.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of burglary of a private residence; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Rogers,* for appellant.—On question of substituting lost papers: Strong v. State, 18 Texas Crim. App., 19; Gillespie v. State, 16 id., 641; Carter v. State, 58 S. W. Rep., 80; Barrage v. State, 44 S. W. Rep., 169.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of substituting lost papers: Schultz v. State, 15 Texas Crim. App., 258; Adams v. State, 17 Texas, 237.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the burglary of a private residence at night and his punishment assessed at twenty years in the penitentiary.

There is no statement of facts. Appellant has three bills of exceptions which will be considered together. In substance they show that the appellant was duly indicted in the District Court of Falls County, where the offense was committed; that he was duly arrested, confined in jail, made a motion for a charge of venue which was assented to by the county attorney and thereupon the court entered the proper order changing the venue to McLennan County, Texas, and ordered the sheriff

to deliver him to the sheriff of McLennan County before the next term of the District Court of that county. Before the order of change of venue was made appellant was duly arraigned and plead not guilty. The district clerk of Falls County, in compliance with the statute, made properly certified copies of the indictment and other papers therein and also a proper certified copy of all the orders made in the District Court of that county; that he sent the original papers and this properly certified transcript of the orders to the clerk of the District Court of McLennan County, Texas. None of these papers were ever received by that clerk, but were shown to have been lost. The county attorney of McLennan County, duly, by a motion in writing, suggested the loss of said papers and made two motions, one to substitute the said certified copy of the orders of the District Court of Falls County, and the other to substitute the indictment. To these respective motions he attached properly certified copies from the district clerk of Falls County of all of the said orders and of the said indictment. The court made all the proper orders in compliance with the statute and the decisions of this court, and substituted the said copy of orders from Falls County and the indictment. There is no suggestion or claim by the appellant that these papers, as substituted, were not absolutely correct in every particular.

He attacks the action of the District Court of McLennan County in three particulars. First, he claims that because the said papers from the district clerk of Falls County never reached the district clerk of McLennan County, but were lost in transit; that the jurisdiction of the McLennan County court never attached, and that whatever proceedings to substitute the lost papers were necessary to be made in the District Court of Falls County, instead of McLennan County. This question has been expressly held against him in Berg v. State, 64 Texas Crim. Rep., 612.

His second ground was that the court could not act on the county attorney's motions to substitute, unless and until he was duly served three days with notice thereof. He was present when the motions were acted upon by the court, and, before the court acted thereon, filed his objections to the court acting on the matter on both of the grounds just mentioned. So far as notice to him is concerned, the statute regulating when and how lost papers in a criminal case can be substituted (art. 482, C. C. P.) and the decisions thereunder, do not provide that notice shall be served upon an accused before such lost papers can be substituted, and this court has expressly held that such papers can be substituted without such notice and service thereof upon him. (Burrage v. State, 44 S. W. Rep., 169 and 1104.) Even if it had been necessary to serve appellant with notice of the filing of these motions, his appearance and answer thereto, without such service, amounted to a waiver of notice and effected the same purpose as if he had been timely served with notice.

Appellant's only other ground is that he claimed that he could not be tried under the substituted copy of the indictment because that sub-

stituted copy was not the indictment of a grand jury. His contention is wholly untenable. We deem it unnecessary to discuss at any length either of the ouestions raised by appellant. The judgment is affirmed.

*Affirmed.*