ALFRED HOLLINGSWORTH v. THE STATE.

No. 5822.   Decided May 19, 1920.

**1.—Incest—Change of Venue—Indictment—Substitution of Indictment.**

Where the venue was changed from the original county where the indictment was found, and the indictment was lost in the original county before the transfer on change of venue, and there was no original indictment to be forwarded with the transcript from said original county to the county where defendant was tried, it was reversible error to permit the county attorney to substitute the indictment in the county to which the venue had been changed, and the same was reversible error.

**2.—Same—Change of Venue—Transfer of Original Papers—Jurisdiction.**

The District Court of the county to which the venue was changed was without power to try the case except upon the transfer. It has no original jurisdiction but only such as is given by reason of the change of venue, and cannot cause to be filed substitute copies of any original papers of any matter arising in the case before the transfer occurred, and can only by order of *certiorari* compel the clerk of the court transferring the case to complete the record, etc. Following Biggerstaff v. State, 59 Texas Crim. Rep., 575, and other cases.

Appeal from the District Court of Bosque.   Tried below before the Honorable O. L. Lockett.

Appeal from a conviction of incest; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. W. Odell,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Berg v. State, 142 S. W. Rep., 885; Richards v. State, 140 S. W. Rep., 469; Goode v. State, 123 S. W. Rep., 597.

DAVIDSON, PRESIDING JUDGE.—This case has been before this court on previous appeals. It originated in Coryell County. The former trials were had in that county. Upon his own motion the court transferred this case to Bosque County on change of venue. The trial at which this conviction occurred was had in Bosque County.

When the case was called for trial it was discovered that the indictment had not been transferred from Coryell County to Bosque County as required by Article 635, C. C. P. The county attorney thereupon filed a proceeding to substitute the indictment in Bosque County that had been returned in Coryell County, alleging that the original indictment had been lost. Demurrer was filed to this for several reasons, among others, on jurisdictional grounds.

It is made to appear that the indictment was lost in Coryell County before the transfer on change of venue and there was no original indictment to be forwarded with the transcript from Coryell County to Bosque County as required by the statute above cited. It is also shown there was no attempt made in Coryell County to substitute the indictment before the transfer was ordered and made. As a matter of fact, there was no attempt at substitution of the lost indictment except in Bosque County after the transcript from Coryell county reached that county. There was no attempt to bring the original indictment or a substituted copy from Coryell County to Bosque County to supply the omission. The county receiving the record upon the change of venue, in order to supply omissions and defects in the transcript, may order *certiorari* to bring up missing papers, or original or certified copies in case that is necessary. The practice of completing the record in the county to which the change of venue is made is usually by the judge ordering a *certiorari* to complete the record and bring necessary papers. It is unnecessary to cite authorities. It is the well settled practice. We suppose it was not resorted to in this instance by reason of the fact that the original indictment could not be brought, nor could a substituted copy be brought from Coryell County, because of the loss of one and failure to make the substitution. The question then upon which this matter rests is, did the District Court of Bosque county have authority under the circumstances to substitute the indictment the loss of which occurred in Coryell County before the transfer was made. We answer this in the negative. Wherever an indictment or information is lost, mutilated or destroyed it may be substituted. See Art. 482, C. C. P. When this has been done the practice is to give the opposite party notice of the fact of a desire to substitute so that he may contest if he sees proper. The end and purpose of the substitution is to supply the lost record, and in case of an indictment or information a substantial copy at least must be substituted. The accused under such circumstances—of course, has a direct interest in the pleadings filed against him. It is under such indictment or information he must be tried. The indictment, being the act of the grand jury,

must be substituted as presented by that body, and the terms of the indictment substituted must be at least substantially as those contained in the lost instrument. It is a definitely settled proposition by the Constitution, statutes and the decisions that no citizen of Texas can be tried for a felony except upon an indictment presented by a grand jury. Bill of Rights, Sec. 10. The statute has provided that where the indictment has been once returned and lost it may be substituted, but this can only occur after defendant has pleaded to the indictment. In this case it may be conceded that appellant had on previous occasions pleaded to the indictment. The District Court of the county to which the change of venue has been made is without power to try the case except upon the transfer. It has no original jurisdiction, and its jurisdiction of the person and of the case arises by reason of the change of venue. It cannot file or cause to be filed any original papers of any matter arising in the case before the transfer occurred. Its jurisdiction not having attached except by virtue of the transfer, it would have no authority to substitute or to file original papers that necessarily arose or were filed in the county from which the transfer was made  A lost indictment can be supplied in one of two ways: either by the grand jury presenting a new indictment, or after the accused had pleaded to an indictment by substituting it. The grand jury of Bosque county would have no authority to present an indictment under the circumstances of this case because of the facts stated. The record must show the loss and the substitution, which is a judicial act and necessarily of record. See Turner v. State, 7 Texas Crim. App., 596, and cases there cited; Rogers v. State, 11 Texas Crim. App., 608; Strong v. State, 18 Texas Crim. App., 19; Beardall v. State, 9 Texas Crim. App., 262. The substituted document must be substantially a reproduction of the lost original. Morrison v. State, 43 Texas Crim. Rep., 437. It being a judicial act, it must be upon notice and the defendant has the right to contest the substitution if he sees proper to do so. Bowers v. State, 45 Texas Crim. Rep., 185; Carter v. State, 41 Texas Crim. Rep., 608; Art. 482, C. C. P. When the change of venue occurs, or the order has been made, "the clerk of the court where the prosecution is pending shall make out a true transcript of all the orders made in the cause, and certify thereto under his official seal, and shall transmit the same, together with all the original papers in the case, to the clerk of the court to which the venue has been changed." C. C. P., Art. 635. For decisions bearing upon this see Vernon's Ann. C. C. P., page 343. Quite a number of decisions have been written with reference to what is necessary to send with the transcript on the change of venue, and where there is a defect in the orders set out in the transcript of transfer, the court to which it has been transferred may issue an order in *certiorari* compelling the clerk of the court transferring the case to complete the record by attaching his seal to the certificate, or permit State's counsel to withdraw the record for

87 Tex.—26

such purpose. Biggerstaff v. State, 59 Texas Crim. Rep., 575. The court to which the case has been sent on charge of venue may issue any order necessary to compel the clerk of the court from which the case was sent to supply any defect in the transcript which may be necessary to a full understanding of the previous proceedings. Brown v. State, 6 Texas Crim. App., 286; Wolfforth v. State, 31 Texas Crim. Rep., 387.

In this case, of course, it would have been unnecessary and futile under the circumstances for the district judge of Bosque County to have issued an order to the clerk of the court of Coryell County to send the original indictment, because the record shows it was lost, and lost before the order of transfer. If it had not been lost he could have required the clerk to forward the original, but the court was powerless to issue an order to the District Court of Coryell County requiring that court to substitute. The clerk could not enter a substitution until it had occurred in Coryell County, and this substitution had not occurred and could not have occurred unless the original had been lost. The statute draws a distinction clear and precise between the orders entered in the cause and the original papers. With reference to the orders, it provides that certified copies of them shall be forwarded, but with reference to original papers this is not the case. The original papers themselves must be sent with the transcript. Unless this has been done the record is incomplete, and in case of the loss of the indictment and without legal substitution accompanying the transcript, the court could not acquire jurisdiction. It is the fundamental law of Texas that no man can be tried for a felony except upon an indictment presented by a grand jury. This is prerequisite to conferring jurisdiction upon the court in the first instance. The District Court of Coryell County would not have jurisdiction of the person or the subject-matter so as to act upon it unless an indictment had been presented in that court, and it is this original indictment, as presented in Coryell County, that should have been transferred with this record on the change of venue. The District Court of Coryell County could not try the case after the loss of the indictment without a substitution or the presentment of a new indictment by the grand jury. Neither was done in this case, and, therefore, the District Court of Coryell County itself would not have jurisdiction to try this case under the circumstances without first having a new indictment, or substitute a copy. The order of transfer, therefore, could not have occurred in Coryell County until an indictment, or a legally substituted one was among the papers at the time of the order of transfer. This was not the case, and the record shows it has never been substituted in Coryell County, and no attempt was made to substitute it in that county. We are of opinion, therefore. without discussing the matter further, that the jurisdiction of Bosque County did not attach without an indictment or a legal substitute therefor, and that the District Court of Bosque County was with-

out authority to substitute the indictment, and without jurisdiction to try the cause.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*