GEORGE HARRIS V. THE STATE.

No. 23544. Delivered February 5, 1947.

No attorney of record on appeal for appellant.

*Alfred M. Clyde,* Criminal District Attorney, *Ardell M.*

*Young,* Assistant Criminal District Attorney, *W. E. Myres,* Asst. Criminal District Attorney, and *Leo Brewster,* all of Fort Worth and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the offense of forgery, and also with passing as true a forged instrument in writing, and in-. cluded therein were two alleged previous convictions for felonious offenses less than capital; and upon his conviction by the jury for this third offense, he was given a life sentence in accordance with Article 63, P. C.

The facts proven by the State show the two prior convictions for felonious offenses, and those relative to the present forgery show that a person giving the name of Louis Fisher presented a check on a bank in Fort Worth drawn thereon on the "I. N. McCrary Special Account by I. N. McCrary", for the sum of $1,500.00, and indorsed on the back thereof "Louis Fisher", "I. N. McCrary". Upon request of the paying teller, Louis Fisher again indorsed such check in her presence. It was shown that appellant and Louis Fisher were one and the same persons. This check was dated August 3, 1945, and same was paid and by the bank's teller. Mr. McCrary had another account in such bank, and at the end of the month, his cancelled checks in both accounts were mailed to him. However, the cancelled checks for August, 1945, did not come to his hand for some reason although the bank's records show same to have been mailed to him; and the withdrawal of this amount of $1,500.00 from his account was not known until the succeeding month of September. Mr. McCrary was Mayor or Councilman of the City of Fort Worth at such time, maintaining an open office down town, and many persons had entry to his office during the months of August and September, 1945. The check for $1,500.00 testified to was made out on a printed form utilized for McCrary's use, but same was never found, although search therefor was made by McCrary as well as the bank. It, therefore, became necessary to prove the existence of same by means of secondary evidence, the State being forced to allege in the indictment its substance rather than its tenor.

It was also shown that many blank checks out of the two check books prepared for and used by Mr. McCrary had been abstracted from his book, being about 35 in number, and that appellant was in possession of some of the other and further checks, thus serially numbered and of the same character as the

one here complained of, and that some of the same were utilized by appellant in drawing further sums of money from Mr. McCrary's accounts at such bank.

Appellant offers only one bill of exceptions and that relates to a motion to quash certain allegations in the indictment wherein there appears the following paragraph:

"That the Grand Jury is unable to give a better description of the instrument above mentioned, because the Grand Jury avers and alleges that said instrument is not accessible to it, and is in the possession of the defendant, or is lost or destroyed, and the defendant is hereby called upon and notified to produce the original instrument upon the trial hereof, or secondary evidence will be resorted to to prove its contents, against the peace and dignity of the State."

Evidently the pleader bore in mind the long line of decisions of this court that required, if possible, in matters of forgery, that the alleged forged instrument should be set out in the indictment in its tenor, "in haec verba". If such be impossible, the reasons therefor should be given, and upon proper notice, secondary evidence could be utilized in order to prove its contents. In the event the instrument itself be lost, destroyed, or in the possession of the accused, where access cannot be had thereto, such disablying fact may be alleged, and the substance will suffice. See Thomas v. State, 18 Tex. Cr. App. 213, 220; and Smith v. State, 18 Tex. Cr. R. 399, in which it was held that the reason for the inability to set forth the tenor of the instrument should have been alleged. That such notice relative to the introduction of secondary evidence is a proper allegation in the indictment was held in Rollins v. State, 17 S. W. 466, 21 Tex. Cr. App. 148, and evidently this case was followed by the pleader herein.

In 1 Greenleaf on Evidence, sec. 560, it is said:

"When the instrument or writing is in the hands or power of the adverse party, there are, in general, except in the cases above mentioned, no means at law of compelling him to produce it; but the practice in such cases is to give him or his attorney a regular notice to produce the original. Not that, on proof of such notice, he is compellable to give evidence against himself, but to lay a foundation for the introduction of secondary evidence of the contents of the document or writing, by showing that the party has done all in his power to produce the original."

In the case of Rollins v. State, supra, the notice to produce

was contained in the indictment as in the present case, but it did not notify appellant that unless he produced the same at the trial, secondary evidence would be resorted to in order to prove its contents, and for that reason, the cause was reversed. Such is not a vice appearing herein, it being apparent that the notice here given did contain such a statement.

We find a holding to the same effect in Thornley v. State, 34 S. W. 264, 36 Tex. Cr. R. 118, in which the indictment contained the notice to produce. Also, the same holding is found in Baird v. State, 101 S. W. 991, 51 Tex. Cr. R. 322.

It is shown by the only bill of exceptions in the record that at no time, in the presence of the jury, was any demand made upon appellant for the production of such alleged forged check, but that outside of the presence of the jury appellant's attorney was requested to produce the same, and that he made no reply to such request, but that appellant pleaded not guilty when the indictment was read, and he was called upon to plead thereto.

We are indebted to the representatives of the State for a comprehensive brief herein.

Perceiving no error shown, this judgment will be affirmed.