**Aubre Noel SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39686.**

Court of Criminal Appeals of Texas.

June 22, 1966.

Rehearing Denied Oct. 19, 1966.

Daugherty, Bruner & Lastelick, by Fred Bruner, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald Koons, Michael Buckley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

The offense is aggravated assault upon a police officer; the punishment, six months in jail and a fine of $500.

The state's testimony shows that on the night in question the appellant, seventeen years of age, was at a Dairy Queen drive-in in the city of Mesquite. No intoxicants were sold on the premises but when appellant came into the dining room he had a

bottle of beer in his pocket, which he spilled in a booth.

The owner, after asking appellant to leave because of his repeated fussing with a girl and pulling her hair, called the police and reported drinking on the premises. Several city of Mesquite police officers were dispatched to the drive-in to check for city law violations by minors in consuming alcoholic beverages. Among those dispatched to the drive-in was Officer Larry Sprague, the injured party, who, at the time, was in uniform.

Officer Sprague testified that when he arrived upon the scene the place was closed but there were from fifty to seventy people seated in cars on the lot. He and other officers proceeded to check the occupants of the cars to see if any alcoholic beverages were being consumed by minors. The officer testified that when he went to an automobile in which the appellant and another boy were sitting, he asked appellant if he was drinking and if there was any liquor in the car. Appellant replied that he was not drinking. At such time the officer could smell alcohol on the appellant and he asked him to step out of the car for identification. Appellant got out of the car and produced his operator's license, showing his age to be seventeen. Officer Sprague testified that at such time he could smell a strong odor of alcohol on appellant's breath and that he informed appellant he was under arrest for consuming alcoholic beverages (the city charge against a minor for drinking). The officer then had appellant get in the squad car and when appellant said he was not going to jail Officer Sprague pulled him out of the car and turned him around face first "to shake him down and cuff him." Appellant started cursing and fighting the officer and, in the altercation, hit him on the side of the face and on the mouth. At such time, another officer came up and the two officers proceeded to handcuff appellant. Officer Sprague testified that he then took appellant to the city jail and that, while booking him,

appellant again started cursing and kicked him in the stomach and spit in his face. The officer stated that at such time "I lost my composure and I slapped the boy openhanded."

Other officers, called as witnesses by the state, corroborated the injured party's version of the difficulty.

Testifying in his own behalf, appellant admitted that he had been drinking on the night in question but denied that he struck the officer either at the drive-in or at the police station. Appellant testified, in substance, that the officer used excessive force in taking him into custody on such occasion.

Other teen-aged witnesses to the difficulty were called who supported appellant's version of the transaction.

The court, in submitting the issue of appellant's guilt, charged the jury relative to the amount of force an officer may, under the law, use to effect an arrest, and to the right of an accused to defend his life or person from an attack or threatened attack brought about by the use of excessive force.

■ We find the evidence sufficient to sustain the judgment of conviction.

Appellant predicates his appeal upon three points of error.

■ By his first point, appellant insists that the complaint upon which the information was based was added to or altered after it was sworn to and the entire proceedings were therefore void ab initio.

No motion to quash the complaint and information was filed by appellant, and the attack upon the state's pleading was raised for the first time in his amended motion for a new trial.

The complaint was signed and sworn to by T. L. Hass, a police officer of the city of Mesquite.

At the hearing on the motion for new trial, Officer Hass testified that while he

could not swear that certain " 'x-ed' " out portions and interlineations were on the complaint when he signed it the complaint on file in the cause appeared to be the same complaint which he signed.

Under the record, the court did not err in refusing to grant a new trial on the ground urged.

The cases relied upon by appellant, such as Bender v. State, 171 Tex.Cr.R. 628, 352 S.W.2d 39, and Davis v. State, 171 Tex. Cr.R. 400, 350 S.W.2d 934, are not here controlling, because in those cases it was affirmatively shown that the complaint was either not signed or sworn to by the affiant.

■ By point of error #2, appellant insists that the court's charge, although not objected to, was fundamentally erroneous in (1) failing to include a charge on simple assault, and (2) in the manner in which the court instructed the jury with reference to use of force by a police officer in making an arrest, and the rights of an accused in resisting the arrest.

We have carefully examined the charge and find no fundamental error which would call for a reversal of the conviction.

■ In the absence of an objection or requested charge, appellant is in no position to complain of the court's failure to charge on simple assault.

■ By point of error #3, appellant insists that there was an accumulation of errors which deprived him of a fair trial "even though any one of the errors standing alone could have been interpreted as being waived or not properly preserved or considered harmless by State case law."

An examination of the record in the light of such point does not reflect reversible error. The point is overruled.

The judgment is affirmed.

Opinion approved by the Court.