Carstello PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45014.

Court of Criminal Appeals of Texas.

May 31, 1972.

Weldon Holcomb, Tyler, for appellant.

Curtis Owens, Dist. Atty., Charles Crow, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of a forged instrument with intent to use and pass the same as true; the punishment, three (3) years.

This case differs from the usual forged check situation in that the State did not have the check on which it sought to prosecute in its possession nor was it alleged in the indictment that the check was inaccessible or lost or destroyed.

Following the entry of the plea of not guilty, the prosecutor, in the jury's presence, said:

"At this time, Your Honor, we call upon the defendant to produce the check involved in this case, as the court will notice was served on his attorney." [1]

In the relatively recent case of Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732, we began the opinion with this paragraph:

"We are confronted at the outset with the constitutional right of an accused not

1. In Harris v. State, 150 Tex.Cr.R. 137, 199 S.W.2d 522, this Court said that such a demand made in the absence of the jury, did not constitute error.

to be required to give evidence against himself."

Likewise in the case at bar, we are confronted with the same problem.

 At the outset it should be noted that this demand does not come within the rule which holds that physical evidence taken from the accused may be used against him. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). What we have here is a demand that the accused provide documentary evidence so that the State might then proceed to prosecute him for having had such evidence in his possession as charged in the indictment. In the early case of Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, the United States Supreme Court dealt with a similar situation and held that a demand for the production of a document which was to be used against him in a prosecution then before the court violated his constitutional rights. The privilege against self-incrimination also extends to information which furnishes a link in a chain of evidence needed to prosecute an accused. Russell v. United States, 9 Cir., 306 F.2d 402; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118. See also Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923; Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889.

Requiring the appellant to produce an instrument, in the presence of the jury, which was the basis of his prosecution violated his Fifth Amendment right to be free from self-incrimination. Appellant's objection that the prosecutor's demand violated that right should have been sustained.

The judgment is reversed and the cause remanded.