**Billy Ray MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0984067CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 7, 1985.

George Tyson, Jr., Houston, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for appellee.

OPINION

DIES, Chief Justice.

Appellant, Billy Ray Martinez, was originally charged in a five count indictment. The first two counts alleged forgery, the second two counts alleged the misapplication of fiduciary property, and the final count alleged theft. On February 20, 1984, a jury was selected and sworn to hear the case. On February 21, 1984, the court learned that prior to the commencement of appellant's trial, the prosecuting attorney requested that a deed be attached to the original indictment. A secretary in the District Attorney's office typed "Exhibit A" on the deed (it was not in the file of the District Clerk). It was then attached to the indictment.

The trial court, at the State's request, dismissed the two forgery counts but de-

nied appellant's motion to dismiss the indictment.

Appellant's first ground of error is "The trial court erred in denying appellant's motion to dismiss the indictment for prosecutorial misconduct."

■ Where the charge is forgery, the requirement that the tenor of an allegedly forged instrument be set out in the charging instrument is a matter of substance. Indeed, its absence will render the indictment fundamentally defective. *Ex parte Davis*, 642 S.W.2d 179 (Tex.Crim.App. 1982); *Harris v. State*, 150 Tex.Crim. 137, 199 S.W.2d 522 (1947).

*TEX.CODE CRIM.PROC.ANN. art. 28.-10* (Vernon 1966) provides that an indictment cannot be amended as to matters of substance. In the case we review, the prosecuting attorney testified that on the morning appellant's trial was to begin, he noticed that the deed, referred to in the forgery counts of the indictment, was not present in the District Clerk's file. He then placed a copy of the deed in the file and he did so without having it file marked. He also requested a secretary in his office to type "Exhibit A" on it.

The State believes the error was cured when it moved and the court granted a motion to dismiss the forgery counts. We disagree.

*TEX. CONST. Art. I, sec. 10* provides, inter alia, "and no person shall be held to answer for a criminal offense unless on an indictment of a grand jury...." An integral part of the indictment on which our appellant was convicted was never presented to or heard by the grand jury. At this point in time, no pleader can perform the duties which devolve upon and are confided to the grand jury and to it alone. *See Brasfield v. State*, 600 S.W.2d 288, 299 (Tex.Crim.App.1980); *Sharp v. State*, 6 Tex.App. 650, 653 (1879).

Even if Texas later permits amendments of substance to an indictment, we doubt that our Court of Criminal Appeals would ever hold this type of change, without knowledge of the court or defendant, to be an authorized amendment.

■ We hold that the alteration of the indictment after it had been returned by the grand jury rendered the entire trial void ab initio. *See Smith v. State*, 406 S.W.2d 455, 456 (Tex.Crim.App.1966). The conviction is, therefore, reversed, and the case is dismissed.

REVERSED.