Billy Ray MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1357–85.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 16, 1987.

George H. Tyson, Jr., Houston, for appellant.

Peter C. Speers, III, Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Because the five count indictment that pertains to this cause, as it existed when it was filed in the District Clerk's office, is so important to our discussion, we will attach a copy of it to this opinion as "Appendix A".

The indictment reflects that reference was made therein to a deed that expressly related only to the two forgery counts. The deed was to be attached to the indictment in the form of "Exhibit A" and filed with the indictment. However, it was never filed with the indictment. Another and different "Exhibit A", which appears to be in all things identical to the above "Exhibit A", was later caused to be stapled to the indictment by an assistant district attorney of Montgomery County. This was done without the knowledge of the trial judge, appellant, or his attorney.

After the jury was selected in this cause, but out of its presence and prior to the indictment being read to the jury by the assistant district attorney, see Art. 36.-01(1), V.A.C.C.P., Billy Ray Martinez, hereinafter appellant, motioned the trial judge to dismiss the entire indictment because of prosecutorial misconduct, which motion the trial judge denied. However, pursuant to motion of the then District Attorney, the trial judge dismissed the two forgery counts from the indictment. Thereafter, appellant was tried and convicted of the remaining three counts of the indictment. Punishment was assessed by the jury at six years' confinement in the Department of Corrections on the two misapplication of fiduciary counts and at ten years' confinement in the Department of Corrections, probated, on the felony theft count.

Appellant thereafter appealed to the Ninth Court of Appeals (Beaumont), which ordered the convictions that he had sustained reversed and ordered the indictment dismissed. See *Martinez v. State*, 700 S.W.2d 27 (Tex.App.—9th Dist.1985).

The court of appeals not only found that the assistant district attorney acted wrongfully, it also found that his conduct was so offensive and egregious that it caused the entire trial to be a nullity. The court of appeals sustained appellant's first ground of error which asserted the following: "The trial court erred in denying appellant's motion to dismiss the [entire] indictment for prosecutorial misconduct". In doing so, the court of appeals totally agreed with appellant's counsel's argument that the misconduct of the assistant district attorney was incurable error because, "First of all, . . . [the copy of the deed that related to the two forgery counts in the indictment, which counts were dismissed on motion of the District Attorney prior to trial,] was an integral part of the remaining three counts of the indictment as it formed the basis of, and was material to, those counts." (Page 14 of appellant's counsel's brief.) The court of appeals then reversed the trial court's judgment and ordered the indictment dismissed.

On direct appeal, appellant's counsel also urged the following grounds of error, in addition to the above ground of error, why the trial court's judgment should be reversed: "II. THE FIRST MISAPPLICATION COUNT OF THE INDICTMENT IS FUNDAMENTALLY DEFECTIVE BECAUSE IT FAILS TO SET OUT THE DEED UPON WHICH THE ALLEGED MISAPPLICATION WAS BASED ACCORDING TO ITS TENOR. III. THE SECOND MISAPPLICATION COUNT OF THE INDICTMENT IS FUNDAMENTALLY DEFECTIVE BECAUSE IT FAILS TO SET OUT THE DEED UPON WHICH THE ALLEGED MISAPPLICATION WAS BASED ACCORDING TO ITS TENOR. IV. THE THEFT COUNT OF THE INDICTMENT IS FUNDAMENTALLY DEFECTIVE BECAUSE IT FAILS TO SET OUT THE DEED UPON WHICH THE ALLEGED THEFT WAS BASED ACCORDING TO ITS TENOR." (Pages 2 and 3 of appellant's brief.) Counsel also presented fourteen other grounds of error to the court of appeals, which have not yet been reviewed by that court.

Based upon its statements, that "[The deed which was] [a]n integral part of the indictment on which our appellant was convicted was never presented to or heard by the grand jury", and "At this point in time, no pleader can perform the duties which devolve upon and are confided to the grand jury and to it alone, see *Brasfield v. State*, 600 S.W.2d 288, 299 (Tex.Crim.App.1980); *Sharp v. State*, 6 Tex.App. 650, 653 (1879)", we understand the court of appeals to mean that an element of each of the offenses for which appellant was convicted

required a copy of the deed to be attached to the indictment that was presented to the Grand Jury and because the Grand Jury did not have the benefit of the second "Exhibit A" this caused each of the three counts on which appellant was convicted to be void.

We granted the State Prosecuting Attorney's petition for discretionary review in order to make the determination whether the court of appeals' holdings were correct. Although we do not disagree with the court of appeals' implicit finding that the assistant district attorney acted wrongfully, given the state of the record, we cannot agree that his actions caused the entire indictment to be void and that the trial became a nullity.

The record does not actually reflect that the new "Exhibit A", which the assistant district attorney caused to be stapled to the indictment, is an identical copy of the "Exhibit A" that was originally paper clipped to the indictment when the indictment was signed by the foreman of the Grand Jury. However, the record makes it obvious to us that the parties treated it as being an identical copy of the original "Exhibit A".

The indictment reflects that appellant was charged with committing two counts of misapplication of fiduciary property and funds while then acting in the capacity of a trustee of the funds; with committing one count of felony theft; and with committing two counts of forgery, by unlawfully (1) making and (2) delivering a deed to certain church property of which he was a trustee. The misapplication of fiduciary property and funds counts and the felony theft count did not expressly refer to any deed. The forgery counts did. The deed that related to the forgery counts was referenced in the original indictment after each forgery count in the following manner: "See Exhibit A which is appended hereto and incorporated herein for all purposes." This expressly referred to a copy of the deed that was the basis of the forgery counts. However, when the indictment was filed by the clerk, "Exhibit A", which consisted of a copy of the deed, was not attached or stapled to the indictment. The

record does not reflect or indicate what happened to the original "Exhibit A". The assistant district attorney attempted to cure this omission by causing to be stapled to the indictment another "Exhibit A", which appears to be identical to the original "Exhibit A". After appellant's counsel became aware of what the assistant district attorney had done, he motioned the trial judge to dismiss the entire indictment. After a hearing was held on appellant's motion to dismiss the entire indictment, which motion was overruled, the then District Attorney, who was the lead prosecutor, motioned the trial judge to dismiss the two forgery counts from the indictment, which motion was granted by the trial judge. Appellant was thereafter tried and convicted on the remaining three counts of the indictment.

We point out that this is not a case involving the situation where the original indictment has been lost or misplaced. For statutory and case law involving a lost or misplaced indictment, see Arts. 20.22 and 21.25, V.A.C.C.P.; *Bennett v. State*, 77 Tex.Cr.R. 610, 179 S.W. 713 (1915); *Morrison v. State*, 43 Tex.Cr.R. 437, 66 S.W. 779 (1902); *Hollingsworth v. State*, 87 Tex.Cr. R. 399, 221 S.W. 978 (1920); *Morris v. State*, 96 Tex.Cr.R. 337, 257 S.W. 899 (1924); *Clark v. State*, 717 S.W.2d 910, 919 (Tex.Cr.App.1986).

Because we do not find where it was ever contested in the trial court that the indictment was not duly presented in open court and entered on the minutes of the court, we will apply the presumption of regularity to that phase of the case. E.g., *Hardeman v. State*, 552 S.W.2d 433, 436 (Tex.Cr.App.1977). Cf. *Sommerlatte v. State*, 39 S.W.2d 38, 39 (Tex.Cr.App.1931).

█ In this instance, only the attachment to the original indictment, "Exhibit A", a copy of a deed, became lost or misplaced after the foreman of the Grand Jury signed the indictment and before the indictment was filed.

Therefore, we find and hold that this omission from the indictment did not cause the trial court not to have jurisdiction over the cause.

However, if the missing attachment was a necessary element of each of the alleged offenses, then, of course, this would cause the indictment not to state any offense against appellant. It would then be fundamentally defective and none of appellant's convictions would be valid.

In this cause, apparently aware of this Court's decisions that before a valid conviction can be obtained for the offense of forgery, the indictment must set out the alleged forged instrument according to its tenor, see, for example, *Ex parte Davis,* 642 S.W.2d 179 (Tex.Cr.App.1982); *Harris v. State,* 199 S.W.2d 522 (Tex.Cr.App. 1947); *Terry v. State,* 471 S.W.2d 848, 849–850 (Tex.Cr.App.1971); *Ziegler v. State,* 50 S.W.2d 317 (Tex.Cr.App.1932), also see 22 *Tex.Jur.3rd* 654, § 2364; 41 *Am.Jur.2d* 969, § 143; 42 *Corpus Juris Secundum,* Indictments and Informations 1055, Section 144, prior to trial, the then District Attorney motioned the trial judge to dismiss the two forgery counts from the indictment, which motion the trial judge granted.

Given what this Court has stated and held in the past, it should not now be questioned that the above rule makes a forged instrument a necessary element of the offense of forgery. ·

Did the act of the assistant district attorney, that caused a new "Exhibit A" to be stapled to the indictment, cause the indictment in its entirety to be substantially amended? By the usual definition for the word "amendment", see, for example, *The American Heritage Dictionary of the English Language 42*, which defines that word as "A change for the better; improvement", there should be no question that the assistant district attorney's act caused the indictment to be better. The issue, however, is whether the attachment was necessary to each count of the indictment.

In its "Newsletter" dated December 31, 1971, the Texas District & County Attorneys Association interpreted *Calvin v. State,* 25 Tex. 789 (1860), to hold that "an unauthorized amendment of one count of an indictment will cause the entire indictment to be void even if another count of the indictment was not affected by the amendment to the other count." The opinion of the Supreme Court reflects that the parties in that cause entered into a formal agreement to erase from the indictment certain wording of a count of the indictment that related to the ownership of a slave who had been allegedly murdered by the defendant, another slave. This act of the parties, however, did not affect another valid count of the indictment. Nevertheless, the Supreme Court held: "There can be no amendment as to any declaration of a fact by the grand jury. If there can be no amendment of matter of substance by the court, *a fortiori* there can be no alteration of the indictment as to matter of substance by agreement between the district attorney and the counsel for the prisoner ... *[W]hen a party is put to trial upon an indictment which has been improperly amended by the court in a material respect, or which has been altered by agreement of counsel in a material respect, such amended or altered indictment will not support a conviction; and if there be verdict and judgment upon such an indictment, the judgment should be arrested.*" (794–795). (Our emphasis.)

*Calvin,* supra, may be distinguishable from this cause solely on the basis that appellant was not convicted of committing any forgery offenses. He was not put to trial on those counts of the indictment.

We find that *Calvin,* supra, would be applicable to this cause only if we held that the new attachment was not only a necessary element of the forgery counts, which we do hold, but was also a necessary element of the misapplication and theft counts of the indictment on which appellant was convicted. We find and hold it was not and further hold that the misconduct of the assistant district attorney only went to the forgery counts of the indictment, and did not go to the misapplication and theft counts of the indictment. Validity of the act of the assistant district attorney in causing ex parte the new "Exhibit A" to be attached to the indictment thereby became moot when the trial judge, prior to trial, dismissed the two forgery counts from the indictment.

■ As we have previously pointed out, it is clear under our law that the copy of the deed was a necessary and substantive part of the forgery counts of the indictment. It is also clear under our law that "No matter of substance [in an indictment] can be amended", Art. 28.10, V.A.C.C.P., prior to amendment in 1985. Our law has long provided that neither the district attorney nor the defense attorney and the accused can materially amend the indictment as to matters of substance, either ex parte or by consent. *Calvin v. State*, 25 Tex. 789 (1860); *Jeters v. State*, 82 S.W.2d 150 (Tex.Cr.App.1935); *Morman v. State*, 75 S.W.2d 886 (Tex.Cr.App.1934); *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975). In *Howard v. State*, 667 S.W.2d 524 (Tex. Cr.App.1984), this Court recently held: "The attempt at [substantively amending] the indictments was a legal nullity." (526). Furthermore, as Judge Miller pointed out in the concurring opinion that he filed in *Howard v. State*, supra, it matters not whether the attempt was to add to or delete from the indictment as it was then worded. If the attempt went to a substantive matter of the indictment, the attempt was a legal nullity. In this instance, the copy of the deed was unquestionably legally necessary in order to obtain valid convictions on the forgery counts. We find and hold that the assistant district attorney's unsuccessful attempt to supplement the original indictment with a new copy of the deed was therefore a legal nullity. Any issue arising therefrom became moot when the forgery counts were dismissed pretrial by the trial judge.

We will now examine the misapplication of fiduciary property and the felony theft counts of the indictment. Also see "Appendix A".

■ The first misapplication count alleges that appellant, while serving as trustee of property, deeded the property to himself. Appellant claims that the new "Exhibit A" was a matter of substance without which that count was rendered fundamentally defective. We disagree.

Our research reveals that this Court has never applied the general rule, that a written instrument must be set out in the indictment according to its tenor, to misapplication of fiduciary property cases.

However, this Court has applied the general rule to forgery, swindling, sending an anonymous letter, false swearing, and untrue advertising cases. See *Terry*, supra, and the cases cited therein at pages 849–850.

In those cases, also see those set out *ante* at page 4 and *Wilson v. State*, 193 S.W. 669 (Tex.Cr.App.1917) and *Baker v. State*, 14 Tex. 332 (1883), the opinions make it clear that the written instrument was part of or formed the basis of the offense. Thus, integral to those offenses was the exhibition of a written instrument to a third party which formed the basis of the offense.

We find that the first misapplication count did not require that appellant had to exhibit the deed before committing the offense. Appellant was charged with misapplying trust property in violation of the Texas Trust Act, Art. 7425b–12, V.A.C.S., which prohibits a trustee from buying or selling any trust property from or to himself. It was thus unnecessary for the State to allege that appellant exhibited any deed to a third party. It was only necessary for the State to prove that he deeded to himself the property. However, that fact was only evidentiary, and unless a fact is an essential element of the offense, it is not necessary for the State to plead it. See *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr. App.1981). Because that fact did not have to be pled, that count of the indictment was not fundamentally defective.

What we have said regarding the first misapplication count of the indictment is also applicable to the second misapplication count of the indictment. In that count, appellant was charged with unlawfully misapplying fiduciary funds to himself and others. The unlawful use of the deed enabled appellant to obtain the funds. However, that was an evidentiary fact and not a fact that was an essential element of the offense. It did not have to be pled. See *Thomas*, supra.

As to the felony theft count, this related to obtaining a check from the County Treasurer of Montgomery County for the sale of the trust property to Montgomery County. In order to obtain the check from the County Treasurer it was unnecessary for appellant to exhibit to her the deed to the property. Any exhibiting of the deed prior to that time was merely an evidentiary fact that did not have to be pled. See *Thomas, supra.*

Given what we have stated, we hold that no amendment of the three counts of the indictment on which appellant was convicted occurred. Thus, those counts were not affected by the assistant district attorney's unsuccessful attempt to add to the indictment the new "Exhibit A". When the forgery counts were dismissed, prior to trial, this caused the issue of amendment as to those counts to become moot. E.g. *Meeks v. State,* 653 S.W.2d 6, 10 (Tex.Cr.App.1983).

In holding that the misconduct of the assistant district attorney caused the entire trial to be void ab initio, the court of appeals relied upon this Court's decision of *Smith v. State,* 406 S.W.2d 455, 456 (Tex. Crim.App.1966). In all due respect to the court of appeals, we find that this Court's decision of *Smith, supra,* is not authority for its statement that the assistant district attorney's misconduct rendered the trial void ab initio.

The opinion of *Smith, supra,* reflects that this Court rejected the defendant's contention, which was raised for the first time after trial had taken place, that "the complaint upon which the information was based was added to or altered after it was sworn to and the entire proceedings were thereafter void ab initio." In rejecting the defendant's contention, this Court carefully pointed out in its opinion that it was not undisputed that the complaint in that cause was later altered after it had been originally signed, although the record was clear that at some unknown time certain portions of the complaint had been "x-ed" out and interlineations had also occurred on the complaint. The officer who signed the complaint, however, testified that the complaint on file appeared to be in the same form when he signed it. Thus, the trial judge's finding, that if any "x-ing" out or interlineations had occurred, such occurred prior to the time when the complaint was signed by the officer and filed by the clerk, was supported by the evidence. In short, neither *Smith, supra,* nor the cases relied upon by the defendant in *Smith, supra,* which merely held that prosecutions could not be maintained where the complaint was either not sworn to or signed by the affiant, are factually on point with this case, and do not support the statement that the court of appeals made.

Therefore, the judgment of the court of appeals is vacated and the cause remanded to that court for proceedings not inconsistent with this opinion.

CLINTON, MILLER, CAMPBELL and DUNCAN, JJ., concur.

**693**

*10,000*

APPENDIX "A"

No. *12466*                                                    Bond $ *10,000*

The State of Texas Vs. _____ Billy Ray Martinez _____

Charge: Forgery ; Misapplication of Property by a Fiduciary;     Court: 2nd 9th District
Theft

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of _____ Montgomery _____, State of Texas, duly selected, empaneled, sworn,

charged, and organized as such at the _____ September _____ Term A.D. 19 82 of the 2nd Ninth

Judicial District Court for said County, upon their oaths present in and to said court at said term that

Billy Ray Martinez

hereinafter styled Defendant, on or about the _____ 3rd _____ day of _____ September _____ A.D. 19 81,

and before the presentment of this indictment, in the County and State aforesaid,

did then and there with intent to defraud and harm another, intentionally and knowingly make, complete, and execute a writing so that it purported to be the act of another, to-wit: one Curtis Nelson, who did not authorize the act and said writing was a deed of the tenor following: (See Exhibit A which is appended hereto and incorporated herein for all purposes);

And the Grand Jury aforesaid further presents in and to said Court at said term that on or about the 3rd day of September A.D. 1981 in Montgomery County, Texas, Billy Ray Martinez hereinafter styled Defendant, did then and there with intent to defraud and harm another, pass as true to Carol Davis a forged writing, that had been made, completed and executed so that it purported to be the act of another, to-wit: one Curtis Nelson, who did not, in fact, make, complete and execute said writing or authorize said writing to be made, completed and executed, and said writing was a deed of the tenor following: (See Exhibit A which is appended hereto and incorporated herein for all purposes) and which said deed the said defendant then and there knew to be forged;

And the Grand Jury aforesaid further presents in and to said Court at said term that on or about the 3rd day of September A.D. 1981 in Montgomery County, Texas, Billy Ray Martinez hereinafter styled Defendant, did then and there intentionally, knowingly and recklessly misapply property of a value of more than $10,000.00, to-wit: the approximate one half acre of land and improvements thereon including a building known as the Gospel Tabernacle in Willis, Montgomery County, Texas, which said property the said defendant held as a fiduciary, but not as a commercial bailee, to-wit: as a trustee for Gospel Tabernacle, in a manner that involved substantial risk of loss to the owner of said property, to-wit: the membership of Gospel Tabernacle, by then and there deeding said property to himself and buying said property for himself contrary to the provisions of the Texas Trust Act, Vernon's Ann. Civil Statutes, Art. 7425b-12, ✓ a law prescribing the disposition of the property;

And the Grand Jury aforesaid further presents in and to said Court at said term that on or about the 19th day of November A.D. 1981 in Montgomery County, Texas, Billy Ray Martinez hereinafter styled Defendant, did then and there intentionally, knowingly and recklessly misapply property of a value of more than $10,000.00, to-wit: more than $99,000.00 dollars in United States currency, which property he held as a fiduciary, but not has a commercial bailee, to-wit: as a trustee for the Gospel Tabernacle in Willis, Texas, by transferring $30,000.00 to Paul Davis, $9,000.00 to Holly Moore, and by converting, spending and concealing the remainder of said funds, contrary to

a law prescribing the disposition of said property, and he did then and there by such

ENDORSED: FILED: APRIL 13, 1983                                              5

action create a substantial risk of loss to the person for whose benefit the property was held, to-wit: the membership of Gospel Tabernacle;

And the Grand Jury aforesaid further presents in and to said Court at said term that on or about the 18th day of November A.D. 1981 in Montgomery County, Texas, Billy Ray Martinez hereinafter styled Defendant, did then and there intentionally and knowingly appropriate, by acquiring and otherwise exercising control over tangible personal property, to-wit: United States money of the value of more than $10,000.00, from the owner  Margaret Caskey            , having care, custody, and control for Montgomery County, Texas, without the effective consent of the said  Margaret Caskey   . and with intent to deprive     Margaret Caskey        of the property,

against the peace and dignity of the State.

FILED

PEGG STEVENS

Foreman of the Grand Jury

Original—Pink; State's Copy—Blue; Defendant's Copy—Yellow

6