IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STEWART B. FOULKE, III,          )          GREENE CIRCUIT
and TERESA FOULKE,               )
                                 )          NO. 03A01-9712-CV-00523
     Plaintiffs/Appellants       )
                                 )
v.                               )          HON. BEN K. WEXLER
                                 )          JUDGE
CITY OF GREENEVILLE,             )
TENNESSEE;                       )
GREENE COUNTY,                   )
TENNESSEE;                       )
GREENEVILLE & GREENE             )
COUNTY EMS, and                  )
MICHAEL J. McCRARY,              )
                                 )
     Defendants/Appellees        )          AFFIRMED


Daniel B. Minor, Kingsport, for Appellants.
Jeffrey M. Ward, Greeneville, for Appellees.


# O P I N I O N

INMAN, Senior Judge

This is an action for damages for personal injuries arising from a collision between a van driven by Mr. Foulke and a Greeneville EMS ambulance at the intersection of the four-lane U. S. Highway 11-E and American Road in Greene County on October 3, 1994. The Governmental Tort Liability Act controls.

The trial judge apportioned liability 50 - 50, and dismissed the complaint. *See, McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn. 1992). The dispositional issue is whether the finding that the plaintiff, Mr. Foulke, was 50 percent negligent is supported by a preponderance of the evidence. Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).

The accident occurred about 5:00 a.m. The van was headed west on U. S. 11-E; the ambulance was headed east on 11-E and was turning left onto American Road en route to a factory where an employee had suffered a possible heart attack. The night was dark, the weather fair, the roads were dry. The ambulance was equipped with the required lights, including strobe, flashing, revolving and constant, both white and red, all of which were on, together with an operating siren.

As the ambulance approached the intersection, a milk truck, also approaching (westbound), pulled off to the shoulder of 11-E and stopped because the ambulance was commencing its turn. Whether the ambulance came to a complete stop, or to a 'rolling stop' before crossing the westbound lanes is debatable, but the preponderant evidence is that the van came "from somewhere behind the milk truck" and struck the ambulance in the 'fast' lane of U.S. 11-E.[1]

Tenn. Code Ann. § 55-8-132 requires drivers approaching an emergency vehicle with siren and lights activated to yield the right of way and drive to a position parallel to and as close as possible to the curb or edge of the roadway, the procedure adhered to by the milk truck driver. Mr. Foulke had no memory of the accident, and his wife no information about it, and thus we do not know why Mr. Foulke failed to see or hear the ambulance and failed to yield the right of way. *See, Wright v. City of Knoxville,* 898 S.W.2d 177 (Tenn. 1995); *Thomas v. State,* 742 S.W.2d 694 (Tenn. App. 1987).

We are unable to find that the evidence preponderates against the judgment, which is affirmed at the costs of the appellants. The remaining issues are pretermitted.

---

[1]A review under the "clearly erroneous" standard obviously compels the same result we reach under the preponderance of evidence standard.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge