# DAVE PINCUS V. THE STATE.

No. 16457.    Delivered February 28, 1934
State's Rehearing Denied April 25, 1934.

The opinion states the case.

*Walter Groce,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for "untrue advertising," the punishment being a fine of ten dollars.

Prosecution was under article 1554, P. C. (1925), which, so far as applicable here, reads as follows: "Whoever with intent to sell * * * merchandise * * * which he owns or of which he has control * * * to the public, * * * makes, publishes * * * circulates * * * in a newspaper, or * * * circular * * * an advertisment of any sort regarding merchandise, as to its character or cost, * * * which advertisement contains any assertion, representation or statement of fact which is known by said person or could have been known by use of reasonable diligence or inquiry to be untrue, deceptive or misleading in any material particular as to such * * * things so advertised, shall be fined not less than ten nor more than two hundred dollars."

No statement of facts accompanies the record. The appeal is predicated on two propositions, one being that the law in question is invalid because of uncertainty, the other that if the statute is upheld the complaint and information is insufficient to charge the offense.

On the first proposition we express the opinion that such part of the statute as undertakes to penalize one who "could have known by use of reasonable diligence or inquiry" that the advertisement was untrue is of doubtful validity. It undertakes to make a criminal of one who might be guilty of negligence only in the absence of any willful wrong in connection with an act which results in no harm to anyone. Overt v. State, 97 Texas Crim. Rep., 202, 260 S. W., 856. Likewise, the term "deceptive or misleading" seems to be vague and fraught with uncertainty. Surely in an attempted practical application much difficulty would be experienced both in averments which would be necessary and in proof to sustain them. We enter upon no long discussion as to whether that language of the statute mentioned may be disregarded without affecting the remainder, but cite as persuasive Anderson v. State, 113 Texas Crim. Rep., 450, 21 S. W. (2d) 499; Williams v. State, 100 Texas Crim. Rep., 50, 271 S. W., 628.

If,—disregarding those two parts of article 1554 heretofore mentioned,—the remaining part may be upheld so that a criminal prosecution can be based thereon, then we express the view that the allegations in the complaint and information do not charge an offense. It is alleged that appellant made and published an "advertisement to-wit, a circular and bill * * * said advertisement, circular and bill being hereto attached, marked Exhibit 'A' and made a part hereof, etc." Said advertisement

is not set out in the information and neither is it attached thereto. The general rule is that when a written or printed document is the basis of the offense charged, such as in swindling, it is necessary to set such document out in the indictment or information. See Cochrain v. State, 93 Texas Crim. Rep., 483, 248 S. W., 43, and cases therein cited. According to the information, the things in the advertisement which were claimed to have been untrue were the very basis of the alleged offense. The advertisements should have been set out. That portion claimed to be false should be designated with an averment that such designated parts were as to "material particulars" regarding the thing advertised, pointing out in what manner they were material, and this should be accompanied by an affirmative averment that they were untrue, and that accused knew they were untrue when he published the advertisement or circular.

We observe what appear to be contradictory averments regarding the advertisement. In one place in the information it is described as a "circular and bill" and in another place it is averred that "said advertisement was a part of an issue of the San Antonio Light."

For the reasons heretofore stated, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State files a persuasive motion for rehearing to which is attached a printed circular of size and general appearance equal to two two-sided newspaper sized sheets, upon all four sides of which appear advertisements of the prospective sale of a stock of merchandise apparently known as Washer's, which had theretofore been bought from "The bankrupt court," and was to be sold at such prices,—in many instances set out,—as would effect an alleged saving of one-half or more,—evidently to the purchaser. From the motion it is made to appear that said circular was attached in the beginning of this prosecution to the "information and complaint, marked Exhibit A," but that on the trial hereof said circular was detached therefrom and offered in evidence, and had not been again attached to the pleadings, and hence did not appear in the transcript on appeal as a part of said State's pleadings. We regret that not enough is shown in this regard in any event to justify the granting of the motion. The complaint is the foundation of a prosecution in the county court, made, signed and sworn

to by some person before a proper officer. After the complaint has been made, under our law it becomes the duty of the State's attorney to prepare and file,—as his pleading based on the complaint,—an information, a document similar in language to the complaint, but signed and presented by the State's attorney charging the accused in such court with the offense set out in the complaint. We take it that if an exhibit can be properly attached to the complaint, a copy thereof must also be attached to the information, or else set out therein. In our judgment a single document or exhibit can not be attached to both the complaint and information. In other words, there is but one exhibit attached to the State's motion for rehearing. Both in the motion of the State, to which appears attached the original affidavit and information, and in the certificate of the trial judge which is also attached to said motion,—it is stated that the attached advertisement marked Exhibit A was attached to the "Complaint and information." As above stated, but one advertisement or circular is so attached. If same had been attached to the complaint, but not to the information, or vice versa, there would manifestly have been a variance between these two necessary parts of the State's pleading, when there should have been complete or substantial consonance between them. Whether attached to the one or the other, we do not know. As said,— if to one and not the other, the pleading was insufficient. If the one exhibit was attempted to be set up as an exhibit to both complaint and information, the State's pleading was also insufficient. We are impaled on one horn or the other of the dilemma, and therefore must overrule the motion.

We desire to say further that we doubt very much the propriety of such exhibits in a criminal prosecution. It would be practically impossible to put them in the reports, if necessary, as a part of an opinion construing the complaint or information in passing upon a motion to quash. In our opinion if any part of such documents were deemed to furnish support for a prosecution under this statute, that part so relied on should be selected by the pleader and set out in his complaint as well as his information, with appropriate averments as to its materiality and falsity, as in libel cases. Potter v. State, 99 Texas Crim. Rep., 47.

In article 1554, P. C., defining this offense, when the charge relates to untrue advertising to effect the sale of merchandise, the advertisements in question must appear in averment and proof untrue in some material matter relating to the character or cost of such merchandise, as will be seen from analysis of the

terms of said statute. It would not appear difficult for the State to select that part of such advertisement upon which reliance is had in a particular case, and by specific averment bring forward the issue in such manner and form as that both, before the trial court and jury as well as this court, waste and irrelevant matter might be eliminated and not obscure or hinder adjudication of the question of guilt. To set out four newspaper sized sheets of circular matter either as an exhibit, or as copied in full in the State's pleading, when reliance is had upon only a small part thereof, would be both unnecessary and confusing.

For the reasons above mentioned, the motion for rehearing is overruled..

*Overruled.*