### SIMON v. UNITED STATES.

#### VIOLA v. SAME.

#### Nos. 6976, 6977.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1935.

Donald B. Frederick, of Detroit, Mich., for appellants.

Fred R. Walker, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

## SIMONS, Circuit Judge.

Convicted of possessing and selling counterfeited obligations of the United States, and of engaging in conspiracies so to do, the appellants, each by a separate appeal, complain of a variance between indictment and proof, of the lack of a sufficient description of the counterfeited notes in the indictment, and of the failure of the evidence to connect them substantially with the crimes charged.

The indictment described the counterfeited obligations as being in similitude of "United States Notes, Series 1928, face plate 1245 and back plate 227." The proof showed the bills to be counterfeits of United States notes, series 1928, face plate 1-245 and back plate 227. The first ground of complaint is clearly without merit. It takes no note of section 556, title 18 USCA, providing that no indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form only which shall not tend to the prejudice of the defendant, and may well be classed with what the late Mr. Justice Holmes designated as "technicalities that were deemed vital a hundred or perhaps even fifty years ago." United States v. Behrman, 258 U. S. 280, 289, 42 S. Ct. 303, 305, 66 L. Ed. 619.

The second ground of complaint has little more to commend it. It is urged that the indictment should have set out the counterfeited obligations by their tenor. What more was required, or would have availed the defendants aught in understanding the charges laid against them, is not specified. The obligations were described as United States notes and identified by denomination, series number, and plate numbers. If anything more was needed, a bill of particulars would have doubtless brought it forth, but none was requested. The sufficiency of an indictment which enables the accused to know the nature and cause of the accusation, and to plead the judgment in bar of further prosecution for the same offense, is no longer open to question. United States v. Behrman, supra; Bettman v. United States, 224 F. 819, 826 (C. C. A. 6); Grant v. United States, 268 F. 443 (C. C. A. 6); Newton Tea Co. v. United States, 288 F. 475, 478 (C. C. A. 6); Tyomies Publishing Co. v. United States, 211 F. 385, 389 (C. C. A. 6); Emmich v. United States, 298 F. 5 (C. C. A. 6).

In the case against Simon there was evidence that he was the driver of the automobile wherein negotiations for the sale of counterfeit notes were within his hearing conducted between the government agent and a convicted codefendant, wherein the money was paid for their purchase, and by which, with Simon still driving, the

456

counterfeit bills were later delivered to the purchaser. It would be too great a strain upon the credulity of the jury, which believed these things to have taken place, to entertain any reasonable doubt that Simon was one of the conspirators, and aided and abetted the sale, or to consider Simon's acts equally consistent with innocence as with guilt. The conviction in his case must stand.

The case is much narrower as to Viola. Nothing connects him with the crimes charged in the indictment except evidence that upon one occasion he was with other defendants in an automobile touring the street intersection where by prior arrangement a sale of counterfeit bills was to take place. The federal agents on watch drew the conclusion, we think fairly, that the car was a "lookout" car to insure the consummation of the transaction without witnesses and free from official interference. There is nothing, however, to indicate that Viola knew the purpose of the expedition, or in any way contributed to it. He was not present when the sale was made, nor during the prior negotiations. To infer that he was a party to the conspiracy, or abetted the commission of the substantive offenses which were its object, is to establish a fact by building one inference upon another. This does not constitute substantial evidence to submit to a jury. Pennsylvania Railroad Co. v. Chamberlain, Administratrix, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819.

The motion for directed verdict on behalf of Viola should have been granted. His conviction is reversed, and the cause remanded for new trial.