# JUNE 7, 1939

### J. R. AIKEN v. THE STATE.

No. 19465. Delivered June 22, 1938.
On the Merits November 2, 1938.
Rehearing Denied June 7, 1939.

The opinion states the case.

*Baskett & Parks,* of Dallas, and *J. R. Creighton,* of Mineral Wells, for appellant.

*Ernest Belcher,* District Attorney of Stephensville, and *B. P. Matocha,* Attorney Securities Division, and *Lloyd W. Davidson,* State's Attorney, both of Austin, for the State.

CHRISTIAN, Judge.

The offense is selling securities without having registered as required by law; the punishment, confinement in the penitentiary for two years.

The recognizance for the appeal is fatally defective in that it is not shown that appellant has been convicted of a felony. Moore v. State, 51 S. W. (2d) 583. Appellant being enlarged under a fatally defective recognizance, this Court is without jurisdiction. Read v. State, 4 S. W. (2d) 547.

Appellant is granted fifteen days from this date in which to perfect the appeal.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Omitting the caption and conclusion, the indictment reads as follows: "The Grand Jurors for the County of Palo Pinto, State aforesaid, duly selected, organized and impaneled as such at the June Term, A. D. 1937, of the District Court of said County, upon their oaths in and to said Court, present that on or about the 13th day of December, A. D. 1935, in the County of Palo Pinto, and State of Texas, J. R. Aiken did unlawfully and feloniously engage in the business of a dealer by soliciting, offering for sale and selling, and did solicit, offer for sale and sell to Sarah E. Wilson stocks, a security, to-wit: 50 shares of stock in the Major Operators Company, Class A, fully paid and non-assessable, and as such dealer then and there engaged in the business of selling securities, as aforesaid, without having first filed with the Secretary of State, State of Texas, his sworn application for registration as a dealer in such secur-

ities and without having been registered as such dealer in securities by Secretary of State as is provided by law in such cases."

It is appellant's contention that the indictment is fatally defective in failing to allege that the "security" was issued after the effective date of the "Securities Act." It must be borne in mind that appellant is charged with the sale of securities without having been registered as a dealer. The sale of the security in question occurred several months after the Act became effective. The question of an issuer's permit is not involved. Section 5 of the Acts of the 44th Legislature, page 255, chapter 100, reads, in part, as follows: "No dealer, agent or salesman shall sell or offer for sale any securities issued after the passage of this Act, except those which come within the classes enumerated in Subdivisions (a) to (q), both inclusive, of Section 3 of this Act, or Subdivisions (a) to (i), both inclusive of Section 23 of this Act, until the issuer of such securities shall have been granted a permit by the Secretary of State * * *."

Section 23 of said Act provides: "Except with reference to exempt transactions provided for in Section 3 of this Act, it shall be unlawful for any dealer, agent or salesman to sell any securities or to issue or publish within this State any circular, advertisement, pamphlet, prospectus, program, or other matter in connection therewith, concerning any security or securities which such dealer handles or proposes to sell until such dealer shall have been registered or temporary permission obtained as in this Act provided * * *."

We quote Art. 1083a, Vernon's Ann. Texas P. C., as follows: "Any dealer, agent, salesman, principal, officer, or employee, who shall, within this State, sell, offer for sale or delivery, solicit subscriptions to or orders for, dispose of, invite offers for, or who shall deal in any other manner in any security or securities without being registered as in this Act provided, or who shall within this State, sell, offer for sale or delivery, solicit subscriptions to and orders for, dispose of, invite orders for, or who shall deal in any other manner in any security or securities issued after the effective date of this Act without having secured a permit as herein provided, or who knowingly makes any false statement of fact in any statement or matter of information required by this Act to be filed with the Secretary of State, or in any advertisement, prospectus, letter, telegram, circular, or any other document containing an offer to sell or dispose of, or in or by verbal or written

solicitation to purchase, or in any commendatory matter concerning any securities, with intent to aid in the disposal or purchase of the same, or who knowingly makes any false statement or representation concerning any registration made under the provisions of this Act, or who is guilty of any fraud or fraudulent practice in the sale of, offering for sale or delivery of, invitation of offers for, or dealing in any other manner in any security or securities, or who shall knowingly participate in declaring, issuing or paying any cash dividend by or for any person or company out of any funds other than the actual earnings of such person or company or from the lawful liquidation of the business thereof, shall be deemed guilty of a felony and, upon conviction thereof, shall be sentenced to pay a fine of not more than One Thousand Dollars ($1,000), or imprisoned in the penitentiary for not more than two (2) years, or by both such fine and imprisonment."

It will be seen from the foregoing articles that it is a violation of the provisions of the Act for a dealer to sell securities without being registered, whether or not such securities were issued prior to the effective date of said Act.

A further contention of the appellant is that the indictment fails to sufficiently aver that appellant was a dealer. It is observed that it is affirmatively stated that appellant was engaged in the business of a dealer "by soliciting, offering for sale and selling" securities. The acts charged against appellant clearly define him as a dealer in securities.

Appellant insists that the indictment is insufficient because it fails to set out the security by its tenor. Art. 403, C. C. P., reads as follows: "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quantity, number and ownership, if known, shall be sufficient." Under the terms of said statute, the description of the property it was alleged appellant sold is sufficiently set forth.

We think appellant's contention the indictment is insufficient in failing to allege that appellant had failed to secure a permit should be overruled. It is averred that appellant did not file with the Secretary of State his sworn application for registration as a dealer, and that he engaged as a dealer in securities without having been registered as required by law. It was necessary that appellant first be registered under the provisions of the Act. He could not secure a permit until he had been registered as provided for in the Act.

Another contention of the appellant is that the indictment fails to affirmatively charge the venue of the offense. It is charged that appellant was engaged in the business of a dealer in securities in the County of Palo Pinto and State of Texas, and that he sold Sarah E. Wilson the securities described in the indictment. Further, it is alleged that as such dealer appellant "then and there engaged in the business of selling securities as aforesaid." These averments appear to sufficiently charge the venue.

Several bills of exception relate to testimony to the effect that appellant was engaged in selling securities prior to the effective date of the "Securities Act." This testimony appears to have become relevant and material on the issue as to whether the sale of the security in question was made prior to the effective date of the Act. Appellant introduced testimony showing that he had sold certain securities to Sarah E. Wilson during the year 1934. Under the circumstances, the opinion is expressed that the bills of exception fail to reflect reversible error.

The State introduced in evidence, over appellant's objection, a certificate of "non-compliance" executed and issued by the Secretary of State, under proper seal, showing that appellant had not been registered as a dealer in securities. We deem it unnecessary to determine whether that provision of the statute authorizing the introduction of such certificate is unconstitutional. The State introduced J. L. Patterson, an investigator for the Securities Division, who testified that he worked in the office of the Secretary of State, Securities Division, and worked with the books and records pertaining to registration of dealers. His testimony was to the effect that he examined the records before the indictment was returned, and that appellant was not registered for the years 1935, 1936, and 1937. Moreover, his testimony was to the effect that appellant had not filed a sworn application during any of said years, and that there was no application on file in the office of the Secretary of State up to June, 1937. The testimony of this witness was uncontroverted. Hence, if it was error for the court to receive in evidence the "non-compliance certificate" the error was harmless.

We deem the evidence sufficient.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion for a rehearing, in substance, that it is only unlawful for a person to engage in the sale of securities, etc., that have been issued after the effective date of the Act commonly called the Blue Sky Law. We do not agree with this contention. We think it has been properly shown in our original opinion herein that it is not only unlawful for a person to engage in the sale, or effort to sell, securities actually in existence at the time of the passage of such Act by the Legislature, but such Act makes it also unlawful for such person to engage in certain efforts in regard to securities issued after the taking effect of such Act. Possibly the latter portion of such Act was necessarily enacted in order to reach other and further acts than those designated in the first part thereof, and it would certainly not vitiate the first part of such Art. 1083a, Vernon's Ann. Texas Penal Code as quoted in our original opinion. It merely "made assurance doubly sure," and prohibited other and further anticipated acts of the future.

It is claimed that error is shown herein because of the fact that the State was allowed to show that Mrs. Wilson, the lady to whom the security was sold by appellant, was a widow, and that the bill reciting such fact was not noticed in our original opinion. We feel sure that the fact of her widowhood was true, otherwise the untruth of such fact could have been shown. It does not seem to us to be a matter of such serious import as to require a reversal of this judgment. It could have been used to show why the lady was acting for herself in this matter of business, and evidently took the appellant's word for matters that would not have appeared so plausible to one more experienced in business affairs. We think the matter evidences no error.

We think that all the matters raised in this motion have been written upon and properly disposed of in our original opinion herein, and the motion will therefore be overruled.