James Winston SHARP, Appellant,

v.

The STATE of Texas, Appellee.

No. 38263.

Court of Criminal Appeals of Texas.

June 26, 1965.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the unlawful offer to sell securities which had not been registered with the Securities Commission as denounced by Article 581–1 et seq. Vernon's Ann.Civ.St.; the punishment, five years and a fine of $3,000.

The first 340 pages of this record reveal how appellant aroused the interest and cupidity of a West Texas farmer and through him, the farmer's doctor and thence to the pharmacist to whom appellant offered to sell 5,000 shares of preferred and 100 shares of common stock in Central Equity Corporation of Wichita Falls, Texas, for the sum of $5,100. No stock was exhibited, and no sale was made.

It was established through the testimony of an investigator for the Securities Board of Texas that Central Equity Corporation of Wichita Falls, Texas, had not been registered with the Securities Commission, nor had appellant ever been licensed to sell securities in the State.

Appellant did not testify or offer any evidence in his own behalf.

Bill of exception #1 complains of the court's failure to sustain his motion to quash the indictment because the stock certificate was not set forth in haec verba therein. It is conceded that where a sale is actually consummated it is better pleading to incorporate in the indictment the stock certificate itself. See Sec. 1401, Willson's Criminal Forms, 6th Edition and Leinart v. State, 159 Tex.Cr.R. 220, 262 S.W.2d 504. However, since no stock certificates had ever been printed, as far as this record reveals, this would be an impossibility, and under the reasoning of Judge Christian in Aiken v. State, 137 Tex.Cr.R. 211, 128 S.W.2d 1190, such should not be required.

Bill of exception #2 complains of a variance between the date alleged and the proof as to the date that the offer to sell was made. The bill recites that the indictment alleged the 16th of September. The indictment itself alleges that the offer was made on September 6, and it is supported by the proof. 1 Branch's Ann.P.C. 2d, Sec. 459, p. 457.

Appellant's complaints as to the charge are without merit in the light of the rule expressed by Judge Hawkins in Shannon v. State, 115 Tex.Cr.R. 249, 30 S.W.2d 331, when he said that a charge should be considered in its entirety. See also Roper v. State, 155 Tex.Cr.R. 59, 230 S.W.2d 528.

Bill of exception #4 complains of the action of the trial court in failing to grant his motion for new trial based upon alleged newly discovered evidence. From the hearing on the motion, it appears that appellant's attorney, Minor Pounds, was informed prior to the trial by the District Attorney that appellant claimed to have a history of mental illness. It was not until after trial that Attorney Pounds made any inquiry about the matter, and no issue as to appellant's sanity was raised during the trial. Gephart v. State, 157 Tex. Cr.R. 414, 249 S.W.2d 612, is authority for the rule that an attorney for an accused must use all diligence in securing evidence on the issue of insanity and that when, prior to trial, an attorney learns that his client has a record of a commitment for insanity, the attorney may not raise the issue for the first time in motion for new trial, as newly discovered evidence.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.