Oranza **TERRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43662.

Court of Criminal Appeals of Texas.

July 28, 1971.

Rehearing Denied Nov. 9, 1971.

Percy Foreman, Houston, Jim D. Bowmer, Bob Burleson, Temple, for appellant.

Robert O. Smith, Dist. Atty., and Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is placing and causing to be placed on individual packages of cigarettes a counterfeit cigarette tax stamp; trial was before a jury and the court assessed the punishment at five years.

The appellant's first ground of error challenges the validity of the indictment because the indictment does not contain a copy of the counterfeit cigarette tax stamps in haec verba.

The second ground of error challenges the indictment on the grounds that it is "vague, general and indefinite and fails to

allege the constituent elements of the offense sought to be charged."

The indictment was as follows:

"AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, in said County and State, do further present to said Court: That WARREN J. FUSILIER, CASIMIRO REYES, JOHNNIE R. VITELLO, JR., and ORANZA TERRY in Harris County, Texas, on or about the 29th day of October, 1964, and before the presentment of this indictment, did then and there place and cause to be placed on individual packages of cigarettes a counterfeit cigarette tax stamp; against the peace and dignity of the State."

In Leinart v. State, 159 Tex.Cr.R. 220, 262 S.W.2d 504, the conviction was for swindling. The false representations were made by means of written invoices, delivery slips, and a voucher form. No representations were made other than by using these written instruments. This Court held that the indictment was sufficient to charge the offense of swindling, but it found that since such written instruments were the fraudulent representations, they were inadmissible into evidence because they were not set out in haec verba in the indictment. The Court held that, "It has been the consistent holding of this Court through the years, as well as the Supreme Court when they had jurisdiction in criminal cases, that where a written instrument enters into an offense as a part or basis thereof, such instrument should be set out in the indictment in order to render its admission into evidence proper. See Wilson v. State, 80 Tex.Cr.R. 622, 193 S.W. 669, and cases there cited. Without these invoices there would have been no proof of a false representation." Thus, in swindling cases, where the false representation is based on a written instrument, that written instrument must be set out in the indictment.

Wilson v. State, supra, was also a swindling case, where this Court said, "An indictment for swindling is bad if it fails to set out by its tenor, or substantially so with good reason for not so pleading it, the written instrument which was the inducement or in part the inducement."

However, this rule does not apply to theft by false pretenses, and where a written instrument is involved in the commission of that offense, the written instrument need not be set out in the indictment. Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811; Mount v. State, 167 Tex.Cr. R. 7, 317 S.W.2d 212.

Likewise, in cases involving the illegal sale of unregistered securities, this Court has not required that the stock certificate be set out in haec verba in the indictment. In Aiken v. State, 137 Tex.Cr.R. 211, 128 S.W.2d 1190, the offense was sale of unregistered securities, and this Court upheld the indictment, basing its decision on former Art. 403, now Art. 21.09 of the Code of Criminal Procedure, which provides that, "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient." And in Sharp v. State, Tex.Cr.App., 392 S.W.2d 127, where the offense was an unlawful *offer* to sell unregistered securities, the court noted that since no stock certificates had ever been printed, it would be impossible to set them out in haec verba. The court did point out that "where a sale is actually consummated it is *better* pleading to incorporate in the indictment the stock certificate itself." (Emphasis added)

The rule requiring that the written instrument be set out in haec verba has been applied by this Court to forgery cases, Harris v. State, 150 Tex.Cr.R. 137, 199 S. W.2d 522; Thomas v. State, 18 Tex.App. 213; Smith v. State, 18 Tex.App. 399; to sending an anonymous letter, Rudy v. State, 81 Tex.Cr.R. 272, 195 S.W. 187, to false

swearing, Ziegler v. State, 121 Tex.Cr.R. 91, 50 S.W.2d 317,[1] and to "untrue advertising." Pincus v. State, 126 Tex.Cr.R. 188, 70 S.W.2d 417.

There appears to be one Texas case where the rule has been applied to the offense of counterfeiting. Martin v. State, 18 Tex.App. 224 (1885). The cases from other jurisdictions are not unanimous.

The federal rule appears to be that it is not necessary to set out the counterfeit instrument in haec verba in the indictment.[2] "All that is necessary, is, that such description of the counterfeit be set out as to advise the defendant of the nature of the charge and such as with the record will save the defendant in the indictment from again being put in jeopardy, or subjected to a second prosecution for the same offense." Wininger v. United States, 8th Cir., 1935, 77 F.2d 678. "Setting out the counterfeit bills or describing them by their fictitious serial numbers or otherwise would have afforded no real protection against a second prosecution for the same offense, because the number of identical facsimiles which might possibly be printed are limitless. The identity of the offenses may be established 'by other parts of the record or even by parol evidence.'" Neville v. United States, 272 F.2d 414, 5th Cir., 1959. See also: Simon v. United States, 6th Cir., 1935, 78 F.2d 454; Foster v. United States, 10th Cir., 1935, 76 F.2d 183.

The following rule is from 41 Am.Jur.2d 969, Sec. 143:

"It is the general rule, in the absence of statute, that an instrument referred to in an indictment, and contents of which are material to the offense, must be set forth according to its tenor with particularity and certainty, or the omission to do so excused by proper averments, such as that it has been lost or destroyed, or that it had remained in the possession of the accused; according to some authorities, an exact copy of the writing must be set forth in the indictment. If, however, the instrument has been lost or destroyed or is in the hands of the accused, and it is so alleged, it is sufficient to set out its substance. In many jurisdictions, statutes have been enacted which greatly modify the foregoing general rules and permit the purport or substance of the instrument to be alleged without alleging it in haec verba."

The syllabus at 42 C.J.S. Indictments and Informations § 144, p. 1055, states the rules as follows:

"When printed or written matter enters into an offense as a part or basis thereof it should be set forth in the indictment, at least in substance, and where constituting the gist of the offense it has been held by some authorities that an instrument should be set forth in haec verba or according to its tenor, and that a mere statement of its effect is insufficient. Where a writing is merely incidental, or is relied on as proof of the fact charged and not in itself an offense, or where the voluminous or obscene character of the instrument, or its loss or absence, precludes its being put into the record, it may be described generally without being set forth. In the latter case the indictment should aver the reason for failure to set forth the instrument and should describe it in substance and with sufficient particularity for identification. When an indictment

---

1. "It is the general rule that, when a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should be set out in the indictment." Ziegler v. State, supra. See: 30 Tex. Jur.2d 596, Sec. 34.

2. Older federal cases do not follow this rule. " * * * It is only in cases such as forgery, counterfeiting, or the misuse of the mails that it is necessary to set forth the document in full." Becher v. United States, 2nd Cir., 1924, 5 F.2d 45; United States v. Heinze, C.C., 161 F. 425; see 42 C.J.S. Indictments and Informations § 144a, p. 1055.

sets out an exact copy of the instrument, such copy should be introduced by language importing that it is such."

In some states, the common law rule requiring that the written instrument be set out in haec verba has been changed by statute. Prisock v. State (1962), 244 Miss. 408, 141 So.2d 711. Other states adhere to the common law rule, at least in some types of offenses, especially forgery. See: State v. Talbot, 160 Me. 103, 198 A.2d 163.

In this case, the appellant was convicted of a violation of Art. 7.38 of Title 122A, V.A.C.S., which proscribes placing or causing to be placed, on any individual package of cigarettes, any counterfeit stamp.

Art. 7.01(6) defines counterfeit stamp as "any stamp, label, print, tag or token which evidences, or purports to evidence, the payment of any tax levied by this Chapter, and which stamp, label, print, tag or token has not been printed, manufactured or made by authority of the Comptroller and/or issued, sold or circulated by the Treasurer."

■ In cigarette stamp counterfeiting cases, there is much less of a necessity for the in haec verba pleading. In forgery, swindling, and other such cases, the contents of the instrument and their construction are the very basis of the conviction. In cigarette stamp counterfeiting, the construction and contents of a particular instrument are not so crucial; the fact that a counterfeit of a true cigarette stamp was placed on the cigarettes is crucial. Since a conviction for this offense does not depend on a construction of the contents of the written material, this Court is not bound to apply the in haec verba rule to this case. As the federal court said in Neville v. United States, supra, "the number of identical facsimiles which might possibly be printed are limitless." And to require in haec verba pleading in this case would be useless. In counterfeiting cases of this type, this Court will follow the federal rule, which we believe is more logical as applied to the facts of this case.

While haec verba pleading is not necessary, an indictment for this offense must still meet the requirements of Art. 21.04 and Art. 21.11 of the Code of Criminal Procedure.

Art. 21.04 provides that, "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

Art. 21.11 provides as follows:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary."

"It is the intent of the Constitution that the accused in the particular case be given information upon which he may prepare his defense. This information must come from the face of the indictment. Looking elsewhere is not demanded by the law." Baker v. State, 123 Tex.Cr.R. 209, 58 S. W.2d 534.

■ Ordinarily, an indictment drawn in the language of the statute is sufficient. Neill v. State, Tex.Cr.App., 225 S.W.2d 829. However, "It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the legislature or from the application of known principles of law." 1 Branch's Ann.P.C. 496, Sec. 514. This rule applies

where more particularity is necessary to meet the requirement of notice to the accused. Blumberg v. State, 144 Tex.Cr.R. 200, 161 S.W.2d 1082; Conklin v. State, 144 Tex.Cr.R. 343, 162 S.W.2d 973; 30 Tex. Jur.2d 582, Sec. 27.

■ Particularly in cases of theft and narcotics, this Court has held that the specific narcotic or item stolen must be alleged. Leos v. State, 155 Tex.Cr.R. 478, 236 S.W.2d 817; Oakley v. State, 167 Tex. Cr.R. 630, 323 S.W.2d 43; Baker v. State, supra; Farabee v. State, Tex.Cr.App., 368 S.W.2d 222. The indictment must allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with. See: Sassano v. State, 163 Tex.Cr.R. 345, 291 S.W.2d 323.

We now look to see whether the indictment in this case met those requirements.

■ The indictment alleges the appellant placed and caused to be placed on individual packages of cigarettes a counterfeit cigarette tax stamp on October 29, 1964. Not only is there no definition of such a stamp present, there is no description of the stamp in question. There is nothing in this indictment to inform the accused of the specific acts he is alleged to have committed to commit this offense. It is only by speculation and by looking outside the indictment that the accused can determine the acts with which he is charged.

We have studied this Court's opinion in Schepps v. State, 432 S.W.2d 926,[3] where this Court held that inclusion of the definition of counterfeit stamp in Art. 7.01, R. C.S., of the chapter was not necessary. In that, there was a different ground of error urged and we do not perceive it as authority for upholding the indictment in the face of a ground of error which correctly alleges that the indictment is "vague, general and indefinite."

The State relies on Martin v. State, supra, to the effect that haec verba pleading is not required in a counterfeiting indictment. While it is true in that case the court held the indictment to be "good" and there was no haec verba pleading,[4] there were explanatory averments which were clear and concise.

In the instant indictment there are no explanatory averments of any type or being and therefore insufficient pleadings are presented.

For the reasons stated, the trial court erred in overruling the appellant's motion to quash the indictment.

The judgment is reversed and the prosecution is ordered dismissed.

3. On rehearing, reversed on other grounds.

4. "* * * did then and there unlawfully falsely and feloniously and with intent to defraud counterfeit forge and make, in the semblance of true silver coin of the United States of America of the denomination of one dollar, one coin composed of base mixed metals resembling zinc and lead and of value not exceeding five cents, and having then and there in its composition a less proportion, of the precious metal of which the true coin then and there intended to be imitated is composed, than is contained in such true coin: to wit having then and there in its composition a less proportion of silver than is contained in the true silver coin of the United States of America of the denomination of one dollar, with the intent then and there that the said counterfeited coin made by said John Martin of base and mixed metals as aforesaid should be passed in this state. The state of Texas, and in other states in the United States of America that the said true silver coin of the United States of America of the denomination of one dollar in semblance of which said counterfeited coin was so made was then and there lawful current silver coin of the United States of America against the peace and dignity of the State."

ODOM, J., not participating.

MORRISON, Judge (dissenting).

I cannot bring myself to agree to the reversal of this conviction for the reason that the identical contention was before this Court in Schepps v. State, 432 S.W.2d 926. As shown by the records of this Court, the exception to the fourth count of the indictment in Schepps read in part as follows: (Emphasis added)

" * * * Defendant would show, therefore, that said Fourth Count of the indictment, in its pleadings, is *uncertain.* The Defendant is not informed by the allegations of such Fourth Count with certainty and in plain and intelligible language, as required by law, of the offense with which he is charged and which the State expects to prove and cannot prepare his defense."

In his appellate brief, Schepps raised the following ground of error:

"The fourth count of the indictment, under which appellant was convicted, is fatally defective in that it fails to allege constituent elements of the offense denounced by the statute."

In the case at bar, appellant Terry stated his ground of error as follows:

"The second count of the indictment is bad because it is too vague, general and indefinite and fails to allege the constituent elements of the offense sought to be charged."

As I see no significant difference between the question presented in Schepps and the ground of error under consideration in the case at bar, I must dissent to the reversal of appellant Terry's conviction.

ODOM, J., not participating.