Mack B. Yates v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-046-CR

     MACK B. YATES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,909
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Yates appeals from his conviction for possession of a deadly weapon in a penal
institution (enhanced by two prior felony convictions), for which he was sentenced to 25 years in
the Texas Department of Criminal Justice-Institutional Division.
      Appellant is an inmate in the Hughes Unit in Gatesville. On March 22, 1995, a random cell
search was conducted of Appellant's cell and a weapon, a shank, was found in a box fan belonging
to Appellant. Appellant was indicted and tried for possession of a deadly weapon in a penal
institution.
      Appellant acted as pro se counsel at trial and appeals his conviction pro se on 11 points of
error.
      Point 1 asserts the verdict is against the "weight and sufficiency of the evidence.”
      Specifically, Appellant contends the evidence is insufficient to prove he knowingly and
intentionally possessed a deadly weapon, i.e., a steel rod sharpened to a point on one end with a
white cloth wrapped around the other end. He contends any person could have placed the weapon
in his fan, and that the weapon was not a steel rod.
      When considering the legal sufficiency of the evidence, this court, viewing the evidence in
the light most favorable to the verdict, must determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). The trier
of fact is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984). The trier of fact
may accept or reject all or part of the testimony of any witness. Williams v. State, 784 S.W.2d
428, 430 (Tex. Crim. App. 1990).
      In reviewing the factual sufficiency of the evidence, this court views the evidence without the
prism of "in the light most favorable to the verdict," and will set aside the verdict if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375 (Tex.
App.—Austin 1992). Under the Clewis standard we consider the evidence of defense witnesses
and the existence of alternative hypotheses.
      Any object used, or intended for use, in such a way that it is capable of causing death or
serious bodily injury is a deadly weapon. Tex. Pen. Code § 1.07(a)(17)(B). That an object is
a deadly weapon may be proven through testimony of an experienced officer. Jackson v. State,
668 S.W.2d 723, 725 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd).
      The testimony of officers Carpenter, Davis and Merillat was that the weapon was a steel rod
formed into a homemade knife, also known as a shank, and that it was found in Appellant's
personal fan. The fan had Appellant's TDCJ-ID number on it and Appellant admitted in open
court that the fan was "my fan." The fan was a box fan that had to be opened and re-closed with
screws in order to place the shank in it. There was no evidence that Appellant's cell mate had any
motive to plant a weapon. There is no evidence of TDCJ personnel placing the shank there. The
evidence is that TDCJ-ID officers do not plant shanks. All the circumstances point to Appellant's
knowledge of the shank. It was in his actual care, custody, control, and management as it was in
his personal property, his fan.
      Testimony of the officers is that the shank in question is a form of steel rod and is a weapon
capable of causing death and serous bodily injury. There is evidence Appellant had a motive to
possess a shank. He had been threatened by inmate Washington and could have felt the need to
possess a shank for his own protection.
      The evidence is both legally and factually sufficient to prove Appellant intentionally and
knowingly possessed a deadly weapon as alleged in the indictment.
      Point one is overruled.
      Point 2 asserts "the trial court erred in racially discriminating against Appellant in denying
him a fair selection process from across the community in selecting the jury."
      Specifically, Appellant contends that he is black and that the State used four peremptory
strikes against blacks on the panel, leaving an all-white jury to try his case.
      The record reflects that after the jury was sworn in and the remainder of the panel was
excused and dismissed, Appellant stated: 
"Your Honor, defense would object to the majority of the jury, no minorities on the jury,
and I think that prejudices the defense." 

      The State responded: 
 
"If I understand he's making a Batson motion, that motion is untimely as the jury panel
has been discharged and the jury has already been sworn."
 
      Appellant:   Your Honor, you never asked if the defense had any
objections.
 
      The Court:   Record will reflect the court impaneled the jury, swore the
jury, dismissed the remainder of the panel prior to the motion
being made. On that basis the motion is overruled.

      The trial court did not err in overruling Appellant's Batson motion. Tex. R. App. P. 33.1a. 
      Point 2 is overruled.
      Point 3 asserts "the trial court erred in failing to issue a subpoena to order Appellant's
witnesses to appear for trial, thus failed to grant Appellant's request for a continuance to locate
witnesses."
      As Appellant chose to represent himself, it was incumbent on him to know and follow the
legal requirements and procedures necessary to prepare for trial. The trial court warned him of
the above and admonished him to the dangers of self-representation. Appellant chose to proceed
pro se.
      Appellant made no effort to secure subpoenas in accordance with the rules of procedure. 
Nevertheless the State did help him in locating most of his witnesses who were inmates or prison
personnel.
      The burden of issuing and obtaining subpoenas was on Appellant. He did not do so. The trial
court did not err in failing to issue his subpoenas for him or in refusing to grant him a continuance
to locate his witnesses.
      Point 3 is overruled.
      Point 4 asserts "the trial court erred in failing to suppress the indictment as it is fundamentally
defective, misled Appellant of the charge and failed to give him sufficient notice."
      Specifically, Appellant complains that the indictment charged him with possessing a steel rod,
but the State's evidence was that the weapon was a piece of a tin can wrapped into the shape of
a homemade knife.
      An indictment must allege on its face the facts necessary (1) to show that the offense was
committed; (2) to bar a subsequent prosecution for the same offense; and (3) to give the defendant
notice of what he is charged with. Terry v. State, 471 S.W.2d 848, 852 (Tex. Crim. App. 1971).
      The indictment stated:
Mack B. Yates, defendant, did then and there intentionally and knowingly and recklessly
possess and conceal a deadly weapon, to wit: a steel rod sharpened to a point on one end
and with a white cloth handle wrapped around the other end, manifestly designed, made
or adapted for the purpose of inflicting death or serious bodily injury, and the defendant
was then and there confined in a penal institution.

      The indictment meets the Terry test, supra. Appellant was given adequate notice in the
indictment. Whether the weapon was a steel rod, or a tin can sharpened, was a matter of proof. 
 Appellant was not prejudiced in any way.
      Point 4 is overruled.
      Point 5 asserts "the trial court erred in denying Appellant a speedy trial."
      Specifically, Appellant complains he was denied a speedy trial under Texas Code of Criminal
Procedure art. 32A.02, and also under the Sixth Amendment to the United States Constitution.
      Appellant was indicted on July 7, 1995, and came to trial on January 27, 1997.
      Article 32A.02, the Texas Speedy Trial Act, is unconstitutional and void. Meshell v. State,
739 S.W.2d 246, 257 (Tex. Crim. App. 1987.) Thus, this Act cannot provide the basis for relief
sought by Appellant.
      The Sixth Amendment to the U.S. Constitution provides in relevant part that "in all criminal
prosecutions, the accused shall enjoy the right of a speedy public trial." A balancing test must be
used in determining whether an accused has been denied his federal constitutional speedy trial
right. The factors include: (1) the length of the delay, (2) the reason for the delay, (3) the
defendant's assertion of the right, and (4) the prejudice to the defendant resulting from the delay. 
Barker v. Wingo, 407 U.S. 514, 530.
      The delay between indictment and trial was 18 months and three weeks. The court held
hearings on Appellant's pretrial motions on October 4, 1995, and November 7, 1995. Appellant
then filed motions on the State on December 6, 1995, February 8, 1996, and January 22, 1997. 
Moreover, Appellant filed a motion for continuance in March 1996.
      Considering the complexity of the case, the numerous delays for pretrial motions filed by
Appellant, the fact that he has not demonstrated any particular prejudice from the delay, and the
fact he was incarcerated, serving a 75-year sentence for aggravated robbery during the entire 18¾
months, we conclude the trial court did not err by denying Appellant a speedy trial under the Sixth
Amendment.
      Point 5 is overruled.
      Point 6 asserts "the trial court erred in failing, in its written charge to the jury on guilt-innocence, to stipulate the law to properly instruct the jury."
      Appellant reduced no requested charges to writing and filed none for appellate review. Thus
nothing is presented for review.
      Point 6 is overruled.
      Point 7 asserts "the trial court erred in prejudicially displaying defendant before the jury
throughout his trial in a leg-irons shackling-restraining device, including his inmate witnesses in
handcuffs, shackles, and prison-white clothing."
      The trial court noted that Appellant was in civilian clothing and wearing a knee-brace device
that was not obvious or visible to the jury. The trial court found that the restraint was the
minimum security that could be provided and was consistent with Appellant's normal appearance.
      There is no evidence that the jury saw or knew of the restraining device. There is no way to
determine if the trial court abused its discretion in ordering Appellant to remain in a non-visible
restraint. Brown v. State, 877 S.W.2d 869 (Tex. App.—San Antonio 1994); Long v. State, 823
S.W.2d 1991), cert. denied, 112 S. Ct. 3042.
      Moreover, the indictment made it clear Appellant was an inmate and Appellant told the jury
panel in voir dire that he was an inmate at Hughes Unit serving a 75-year sentence.
      Appellant further contends the trial court erred in bringing witnesses into court in handcuffs,
shackles, and prison-white clothing. There is no proof in the record that this occurred. Inmate
Fair testified he had been incarcerated since 1990 on a ten-year sentence for burglary; Inmate
Smith testified he had been an inmate incarcerated since 1992 on a 65-year sentence for aggravated
robbery. The incarceration of the above witnesses was first raised by Appellant. No error is
shown.
      Point 7 is overruled.
      Point 8 asserts "the trial judge erred in denying Appellant to review a note from the jury
during deliberation that would have declared a mistrial."
      During deliberation at 5:35 p.m. the jury sent a note to the judge which read: "We are
deadlocked at 11 - 1. Do you wish us to continue deliberating now or continue tomorrow?" The
trial judge stated to counsel for the State and defendant, "I have a note that informs me the jury
is deadlocked." Appellant asked if he could read the note. The court responded, "No, at this
point its not appropriate to disclose that. I'll put it in the file for the record." The judge then
brought the jury into the courtroom and told them he had received a note from them stating they
were deadlocked at this time. The court then recessed the jury until the next morning at 8:30 a.m. 
The next morning the jury returned a verdict of guilty at 9:37 a.m.
      Appellant contends the trial court did not submit the question and his answer to him in
compliance with art. 36.27, Texas Code of Criminal Procedure. Where a communication between
the jury and the court does not amount to additional instructions, as here, non-compliance with the
provisions of article 36.27, is not reversible error. Nacol v. State, 590 S.W.2d 481, 486 (Tex.
Crim. App. 1979); McFarland v. State, 928 S.W.2d 482, 517 (Tex. Crim. App. 1996).
      Point 8 is overruled.
      Point 9 asserts "the trial court erred in failing to properly prepare and transmit the entire
record for appellate review, as requested."
      Appellant asserts he received six volumes of the statement of facts and that Volume 1 was
missing. Volume 1 was the transcript. Appellant did receive the entire record.
      Point 9 is overruled.
      Point 10 asserts “the trial court erred in denying Appellant’s motions to be provided with a
copy of the records used in the enhancement paragraph in the indictment.”
      Appellant made pretrial motions to be provided with the entire proceedings of his prior
convictions which the trial court denied. Appellant was not entitled to such records. No error is
shown.
      Point 10 is overruled.
      Point 11 asserts “the prosecution and trial judge made improper remarks to prejudice
Appellant during trial and misled the jury with inappropriate comments during closing
arguments.”
      Appellant asserts that the trial judge made remarks to the jury restricting him from handling
the weapon which suggested that he was dangerous and not trustworthy. The record fails to
disclose such remarks. Appellant further complains of the prosecutor’s statement to the jury in
closing argument that “all the State has to prove to you is that Mack Yates possessed a weapon
in his cell.” First, the statement was not improper and, secondly, Appellant did not object at the
time.
      Point 11 is overruled. The judgment is affirmed.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 14, 1998
Do not publish