

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00200-CR

_____

RICHARD GALLANT WISDOM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR 14-233

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Richard Gallant Wisdom raped the thirteen-year-old A.P.[1] on May 10, 2014, yet the indictment, which accused Wisdom of aggravated sexual assault based on that act, alleged that the assault happened May 19, 2014.[2] On that difference rests Wisdom's appeal of his conviction and life sentence. We affirm the trial court's judgment because (1) sufficient evidence supports the conviction and (2) the jury instruction did not comment on the weight of the evidence.

---

[1]We will refer to the victim as "A.P." *See* TEX. R. APP. P. 9.10.

[2]On May 10, 2014, A.P. was living with her grandfather in a home in Rusk County. Wisdom, A.P.'s mother, and A.P.'s younger brother lived in a recreational vehicle on the same property. On that day in May, Wisdom entered into A.P.'s room at her grandfather's house and began having a conversation with her, as he frequently did. Following the conversation, Wisdom asked A.P. to stand up and give him a hug. When she did as he asked, Wisdom pushed her against the wall and began "ripping" off her clothes. A.P. screamed to her mother for help, but her mother did not hear her. A.P. testified that Wisdom touched her breasts and the inside of her vagina with his finger. Wisdom pressed his forearm over her neck and put his hand over her mouth, which made it hard for her to breathe. A.P. testified that Wisdom removed his underwear and his shorts, then placed his penis in her vagina and "mov[ed] back and forth."

Following the incident, Wisdom got down on his knees and apologized for what he had done. A.P. screamed at Wisdom to get out of her room. Shortly after A.P. and Wisdom redressed, A.P.'s mother entered the room and asked A.P. what was going on. When Wisdom exited the room, A.P. told her mother what had just occurred and that Wisdom had "raped" her. After hearing A.P.'s account of the incident, A.P.'s mother went outside and told Wisdom he was going to have to leave. Because there was only one vehicle available, A.P.'s mother drove Wisdom to his mother's home. During the drive, Wisdom told A.P.'s mother that he loved A.P., that her eyes were the most beautiful things he had ever seen, and that he loved her. When asked why she did not drive Wisdom to the sheriff's office, A.P.'s mother stated that she was concerned about her children not having a father.

A few days later, A.P.'s mother reported the incident to the Rusk County Sheriff's Office. Following A.P.'s report to law enforcement, Robert Stinehour, a sergeant with the Rusk County Sheriff's Office, met with A.P, her mother, and her younger brother. Stinehour later made contact with Wisdom, and in a recorded audio interview, Wisdom informed Stinehour that he had been taking methamphetamine before the incident and that "[he] just lost it" and "tried to rape [A.P.]." Wisdom admitted taking A.P.'s panties off and putting his hands and penis between her legs. Wisdom also admitted that he unsuccessfully attempted to have sexual intercourse with A.P. Wisdom stated, more than once, that, if A.P. "said it happened, it happened" and "whatever she says I did, I did." On May 19, 2014, A.P. underwent a physical examination and interview by Susan Camzine, a sexual assault nurse examiner (SANE) at the Rusk County Children's Advocacy Center (CAC). On May 19, 2014, Stinehour obtained an arrest warrant for Wisdom on the charge of aggravated sexual assault of a child.

*(1)* *Sufficient Evidence Supports the Conviction*

At the close of the State's case-in-chief, Wisdom moved for a directed verdict based on the State's failure to produce evidence that the alleged offense occurred May 19, 2014, the date pled in the State's indictment. The evidence at trial showed that the offense occurred May 10, 2014. Because of the variance in the two dates, Wisdom contends that the evidence was insufficient to support a guilty verdict and, therefore, that the trial court erred when it denied his motion for a directed verdict. We disagree.

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we must consider all evidence in the light most favorable to the verdict and determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894–96 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Because the jury is the sole judge as to the weight and credibility of witness testimony, on appeal, we must give deference to the jury's determinations. *In re J.A.B.*, 440 S.W.3d 818, 822 (Tex. App.—El Paso 2013, no pet.); *Brooks*, 323 S.W.3d at 894–95. Conflicting inferences from the evidence will favor the verdict. *Id.* We may not reevaluate weight and credibility of the evidence, but must limit ourselves to a determination of whether the jury reached a rational verdict. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The standard of review as to the sufficiency of the evidence is the same for both direct and circumstantial evidence cases. *Id.*; *Arzaga v. State*, 86 S.W.3d 767, 777 (Tex. App.—El Paso 2002, no pet.).

3

As we have said, Wisdom centers on the date alleged in the indictment. "[A]n indictment must 'allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with.'" *State v. Edmond*, 933 S.W.2d 120, 131 (Tex. Crim. App. 1996) (Baird, J., concurring in part and dissenting in part) (quoting *Terry v. State*, 471 S.W.2d 848, 852 (Tex. Crim. App. 1971)). An indictment or information normally provides sufficient notice if it tracks the language of the statute. *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994).

The State may allege in an indictment that an offense occurred "on or about" a date certain. *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). It is well settled that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date proved is anterior to the presentment of the indictment and within the statutory limitations period. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (West 2009); *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990). When an indictment alleges that a relevant event transpired on or about a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 1988). A discrepancy between the date of offense proven at trial and the date alleged in the charging instrument is not a fatal variance. *Id.* When the State uses "on or about" language and proves that the offense was committed on a different date from that alleged in the indictment, but before presentment of the indictment and the expiration of the applicable statute of limitations, the offense took place on or about the date alleged in the indictment. *Id.*

4

In this case, the language of the July 2014 indictment tracks the language contained in the aggravated sexual assault of a child statute. *See* TEX. PENAL CODE ANN. § 22.021(a) (1) (B) (West Supp. 2014). The indictment reflects an offense date of "on or about the 19th day of May, 2014," but the State's evidence at trial showed that the offense occurred May 10, 2014.

The State concedes the error in the date alleged in the indictment and also that the evidence at trial showed Wisdom sexually assaulted A.P. May 10, 2014, not May 19, 2014. Regardless of the variance in the dates, the assault occurred before the presentment of the indictment in July 2014. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02(6); *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). There is no statute of limitations for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1) (B) (West 2015); TEX. PENAL CODE ANN. § 22.021(a) (1) (B).

Thus, the State was required to prove, beyond a reasonable doubt, that "on or about the 19th day of May, 2014," Wisdom committed the offense of aggravated sexual assault. At trial, A.P. testified that the assault occurred May 10, 2014.

The State presented sufficient evidence to show that, on or about May 19, 2014, Wisdom committed the offense of aggravated sexual assault against A.P. The trial court did not err when it denied Wisdom's motion for a directed verdict. We overrule this point of error.

*(2)*     *The Jury Instructions Did Not Comment on the Weight of the Evidence*

Wisdom also contends that paragraph III of the jury charge contained an impermissible comment on the weight of the evidence, thereby minimizing the State's burden of proof. Wisdom points out that, during closing arguments, the State focused on the nine-day difference between the offense date contained in the indictment and the offense date shown at trial. The State argued

that the difference in the dates should not "mean that somebody gets away with sexual assault."

Wisdom maintains that paragraph III of the jury instructions, in conjunction with the State's argument, was an improper comment on the weight of the evidence because it encouraged the jury to ignore the conflicts regarding the two dates. We disagree.

Wisdom does not specify the portion of paragraph III that he claims contains error. Paragraph III, the part of the jury instruction that addresses the difference in dates, states:

> For the offense of Aggravated Sexual Assault, you are further instructed that the State is not bound by the specific date on which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had on proof that the offense, if any, was committed at any time before the presentment of the indictment which is within the period of limitations.

> An indictment is considered "presented" when it has been duly acted on by the grand jury and received by the court. The day on which the offense, if any, was committed and the day on which the indictment was presented shall be excluded from the computation of time.

> The court has taken judicial notice that the indictment in this case was presented on July 8, 2014. The jury may, but is not required to, accept as conclusive any fact judicially noticed.

> There is no period of limitation for the offense of Aggravated Sexual Assault of a Child.

The purpose of a jury charge is to instruct the jury on the applicable law, and a charge must include an accurate statement of the law. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Moreover, the trial court must apply the law to the facts adduced at trial. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). A trial court may not submit a charge that comments on the weight of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14. A charge comments on the weight of the evidence if it assumes the truth of a controverted issue or directs undue attention to

6

particular evidence. *See Lacaze v. State*, 346 S.W.3d 113, 118 (Tex. App—Houston [14th Dist.] 2011, pet. ref'd). In determining whether the charge improperly comments on the weight of the evidence, we consider the court's charge as a whole and the evidence presented at trial. *See id.*

A jury charge should "distinctly [set] forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. Here, at the beginning of paragraph III, the trial court instructed the jury that the State was not bound by the offense date alleged in the indictment. That is consistent with the law.

> Consistent with Texas jurisprudence dating back to about 1870, the jury was instructed that "the state is not required to prove the exact date alleged in the indictment but may prove the offense if any to have been committed at any time [before] the presentment date of the indictment, so long as said offense, if any, occurred within ten years of the date of the presentment of the indictment."

*Klein v. State*, 273 S.W.3d 297, 303 n.5 (Tex. Crim. App. 2008) (citing *Mireles v. State*, 901 S.W.2d 458, 463–70 (Tex. Crim. App. 1995) (Meyers, J., dissenting)). The indictment against Wisdom contained the "on or about" language, which we have already addressed. When an indictment alleges that an offense occurred on or about a certain date, there is no variance, as a jury could find that the offense occurred on or about that date. *Thomas*, 444 S.W.3d at 9. Clearly, this portion of the trial court's charge set forth the applicable law with regard to the date alleged in the charging instrument and the evidence adduced at trial.

Next, the instructions properly defined "presented." *See* TEX. CODE CRIM. PROC. ANN. art. 12.06 (West 2015). While jurors are presumed to know and apply the common and ordinary meanings of words, the charge must include the definition of words or terms that do not have common meanings. *Holmes v. State*, 962 S.W.2d 663, 674 (Tex. App.—Waco 1988, pet. ref'd,

7

untimely filed). The word "presented," as used in a legal context, is not a word that a jury would presumably know and understand. An accurate explanation of its meaning in the context in which it was being used was beneficial to the jury during their deliberations.

Next, the instruction appropriately notified the jury of the trial court's judicially noticing the date Wisdom's indictment was presented. A trial court may take judicial notice of a fact that is not subject to a reasonable dispute because (1) it is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b). At trial, Wisdom argued that the State failed to prove he committed the alleged offense on the date specified in the indictment. The trial court properly instructed the jury that the State could prove that Wisdom committed the offense of aggravated sexual assault on or about May 19, 2014, if it could prove, among other things, that the offense was committed before the date of the presentment of the indictment, July 8, 2014. The State's request for judicial notice of the presentment date was a necessary part of its proof. In addition to taking judicial notice of the date of the presentment of the indictment, the trial court properly instructed the jurors that they were not required to accept the date as a conclusive fact. *See* TEX. R. EVID. 201(f).

Finally, the trial court correctly instructed the jury regarding the lack of a statute of limitations for the offense of aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01 (West 2015).

The trial court's instructions in paragraph III contained accurate statements of the law. In addition, including paragraph III was necessary to educate the jury on the law applicable to one of

8

the main issues in the case; that is, the difference in the date of the offense as alleged in the indictment and the date of the offense the State sought to prove at trial. In considering the trial court's jury charge in its entirety, paragraph III assisted the jury and did not exaggerate, minimize, or assume the truth of a controverted issue or direct undue attention to any particular evidence. Likewise, paragraph III did not hint at the trial court's opinions concerning the issues the jury was charged to decide. As a result, the trial court's jury charge did not improperly comment on the weight of the evidence. We overrule this point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     May 18, 2015
Date Decided:       June 10, 2015

Do Not Publish